Per Curiam.

The defendant’s attorney swears that he sent the plea by mail, and that he believes it was received; and as this is not denied by the plaintiff’s attorney, though he had a copy of the affidavit, some days before.making his counter-affidavit, we will presume that the plea was received. The judgment must be set aside, on payment of costs by the plaintiff’s attorney himself.(b)
Rule granted.

 The supreme court of New jersey, in a recent case, held that the proof of placing in the post office, a letter, containing a notice of trial, directed to the defendant’s attorney residing in a post-town", in due season to be received the legal period before the day of trial, will, if made in the presence of the defendant’s attorney, and until repelled, raise a presumption, and stand for proof of the service of notice; but this presumption may be repelled by the affidavit of the attorney to whom tile notice was directed, stating that it was not received. 5 Halst. 245. Sending papers by mail is in . general insufficient, 1 Caines’ R. 67, if the receipt of them be denied. Gra. Prac. 2d ed. 712. By Reg. Gen. 8, A. D. 1845, service of papers by mail shall be good in all cases where the attorneys reside in different places between which there is a communication by mail. Such service shall be made by putting the papers in the post office, directed to the attorney at his place of residence, and paying the postage on the letter.