Per Curiam.

The service is insufficient.(b),[1] A letter may miscarry, or the attorney may be absent when the mail arrives, or not immediately inquire for letters, though an affidavit of a plea sent by the mail might save a fault.(c) Let the defendant take nothing by his motion.(d)
Motion refused.

 For the modes of service, see Caines’ Prac. 21, 45. In addition to which, it has been ruled, that service on the- attorney, or his clerk, while in the office, though out of office hours, is good. Cooper v. Carr, 8 Johns. Rep. 360. So on an agent in Utica. Chapman v. Raymond, ibid. 360. But observe, on error from the common pleas, and no attorney employed, service must be on the defendant to join in error. Clement v. Crossman, ibid. 281.

 S. P. Ludlow v. Heycraft, 2 Caines’ Rep. 386. And the plea will be presumed to have been received, unless the contrary be shown. Stafford v. Cole & Spalding, 1 Johns. Rep. 413. But if a trial has been lost, though merits be sworn to, the default will not be set aside without the judgment standing as security. Fenton v. Garlick, 7 Johns. Rep. 287.

 See Cole and another ads. Stafford, Cole. Cas. 107. Beebe ads. Paddock, ibid. 135.

 See New York Code of Procedure, secs. 408, 409, 410, 411, 412.