ALBANY,
March, 1834.

Clark
v.
M'Farland.

---

### CLARK *vs.* M'FARLAND and others.

Where a plea is sent by mail, and the letter containing it comes to the hands of the plaintiff's attorney, who observes it to contain a paper in a particular cause, and a default is subsequently entered in that cause, such default will be set aside as *irregularly* entered, although the attorney immediately returns the letter to the box in the post-office where he found it, and gives notice that he will not take it from the office.

March 6.

THIS suit was commenced by declaration, served on the *sixth* day of January last. On the *sixteenth* of the same month the attorney for the defendants, residing at *Salem*, in Washington county, enclosed a notice of retainer and plea in a letter directed to the attorney for the plaintiff, at his residence in the city of *Troy*, and put the same into the post-office at Salem, to be forwarded by mail ; on the evening of the same day, the attorney for the plaintiff called at the post-office in Troy, and took a letter from his box post-marked *Salem*, *N. Y.*, the postage thereon being unpaid ; discovering that it appeared to be or to contain a paper or papers in this cause, and believing that the defendants intended only to delay judgment, he returned the letter immediately to the box, and told one of the clerks that he would not take it from the office ;

since when it has not been in his possession. On the *twenty-eighth* day of January, he caused the defendants' default for not pleading to be entered, and proceeded and obtained judgment on assessment. A motion is now made to set aside the default, &c. for *irregularity.*

*D. Russell*, for the defendants.

*H. W. Strong*, for the plaintiff.

*By the Court*, SUTHERLAND, J. Where there is an affirmative proceeding, as where a party asks for a rule against the opposite party, to which he is not entitled without proof of the actual service of a paper or notice, it is not enough to entitle him to the rule to shew that such paper or notice was put into the mail, directed to the party to be affected by it: so it was held by this court in *Hudson* v. *Henry*, 1 *Caines*, 67, where notice of a motion for judgment as in case of nonsuit was sent per mail. But where a party acts only on the defensive, he is allowed to send his papers or notices per mail; and on shewing that by the course of the mail they must have reached the opposite party in season to have saved a default, the service in this manner will be considered sufficient to prevent the default, unless the receipt of the papers is positively denied by the person to whom they were addressed, as was held in the case of *Stafford* v. *Cole*, 1 *Johns. Cas.* 413, where a plea sent by mail, which the attorney for the defendant swore he believed was received by the plaintiff's attorney in time to save a default, was held to be a good service, the plaintiff's attorney not denying that he received it. In this case it is admitted by the plaintiff's attorney that the plea was in his hands, or at least that he took a letter from the post-office which he observed contained papers in this cause, and which it is manifest he believed would prevent him from obtaining a default. He was therefore apprised of the intention of the defendants to defend the cause, and that in all probability the necessary measures had been taken to effect that object. We cannot, therefore, say that he had not notice of the retainer of an attorney to defend, previous to the entry of the default; and if

he had notice, the default was irregular. Had the attorney not seen the contents of the letter, or had he, on observing the post-mark, refused to take the letter from the office, we perhaps could not have held him chargeable with notice ; but as it is, we must consider him as having notice. The motion must be granted, and with costs.