### STEPHEN D. BROSS VS. JAMES B. NICHOLSON.

Where a plea is served by mail, the *whole* postage must be paid.   If it appears that part is paid and part is *due*, the service is bad.

*Motion by defendant to set aside default for not pleading in this cause, and subsequent proceedings for irregularity.*—Declaration was served 28th January, 1845; plea and notice served on the 8th February; and default entered on the 27th February last.   On the said 27th February, E. S. Derry, defendant's attorney, received through the mail from plaintiff's attorney, notice of the execution of a writ of inquiry in the cause, addressed to him as defendant's attorney.   Defendant's attorney filed the plea and notice on the said 8th February, 1845, and served a copy there-of by depositing it in the post office, in an envelope, in the city of New York, directed to plaintiff's attorney, at Goshen, Orange county, and pay-ing the postage thereon.   George Van Inwegen, plaintiff's attorney states, that he refused to take the letter from the post office, enclosing the plea, for the reason *that the postage had not been fully paid.*   There was post marked on the letter, " Paid 10 ; due 10."

C. STEVENS, *Defts Counsel.*                E. S. DERRY, *Defts Atty.*
A. TABER, *Pffs Counsel.*                GEO. VAN INWEGEN, *Pffs Atty.*

BRONSON, Chief Justice—Denied the motion, on the ground that the, postage was not paid ; part payment did not come within the rule.

*Decision.*—Motion denied with costs.