(99 App. Div. 533)

### APPEAL PRINTING CO. v. SHERMAN.

(Supreme Court, Appellate Division, Second Department. December 15, 1904.)

1. SERVICE BY MAIL—PREPAYMENT OF POSTAGE.
    Under Code Civ. Proc. § 797, authorizing service of papers in an action by mail by depositing them postpaid in the post office, a counterclaim sent by mail, not fully prepaid, to plaintiff's attorneys, who paid the postage due without objection, and, after learning the nature of the package, returned it to defendant, was legally served.

Appeal from City Court of Mt. Vernon.

Action by the Appeal Printing Company against Roger M. Sherman. From an order denying a motion for judgment upon a counterclaim, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Roger M. Sherman, in pro. per.
Thomas Abbott McKennell, for respondent.

HOOKER, J. This is an appeal from an order of the City Court of Mt. Vernon denying the defendant's motion for judgment upon the counterclaim set forth in his amended answer to the amended complaint. The amended answer was served by mail in due time, and was received by the plaintiff's attorneys from the postman, who delivered it after the payment by them of two cents postage, claimed by him to be due. After opening the package upon which this excess postage was

paid, and ascertaining that the paper was the amended answer of the defendant, it was returned to him by the plaintiff's attorneys. After waiting until the expiration of the time within which the plaintiff might reply to the counterclaim, defendant made this motion for judgment.

Section 797 of the Code provides that service of papers in an action may be made by mail by depositing them, properly inclosed in a post-paid wrapper, in the post office, directed to the person to be served at his address. In some of the old cases it was held that, where service by mail was attempted without prepaying the full postage, no obligation was placed upon the person upon whom the service was sought to be made to take the package from the post office, and that he might refuse to do so, even though he knew that his act would necessarily result in defaulting his adversary. Anon., 19 Wend. 87; Bross v. Nicholson, 1 How. Prac. 158; Anon., 1 Hill, 217. The test in determining whether the service by mail in particular cases suffices is whether or not the papers actually came into the hands of the attorney for the adverse party. If by reason of the presence of a return card on the envelope (Caffney v. Bigelow, 2 Abb. N. C. 311; Manchester v. Van Brunt, 2 Misc. Rep. 228, 22 N. Y. Supp. 362), or if by reason of shortage of postage, the papers do not actually come into the possession of the party upon whom it is sought to serve them, there is no service. But if such causes do not, in fact, prevent the actual receipt of the papers, they become immaterial defects and do not invalidate the service. Clark. v. McFarland, 10 Wend. 634. In this case the attorneys for the plaintiff paid the amount of the excess postage due at the time of the delivery to them without comment, and, after opening the papers and discovering what they were, returned them to the defendant. Their actual acceptance of the package from the postal authorities completed a valid service, in spite of the fact that the postage may have been short, and their act in returning the papers for shortage of postage was unauthorized. The defendant made valid service of his amended answer, and the plaintiff should have replied had it desired to prevent an application for a judgment upon the counterclaim. No reply was served, and the defendant's motion for judgment on the counterclaim should have been granted.

The order denying defendant's motion for judgment should therefore be reversed, with costs and disbursements, and the motion granted, with costs, with leave, however, to the plaintiff to serve a reply within 20 days upon payment of the costs of the motion and the costs and disbursements of this appeal. All concur.