WILLIAM O. SEARS, Plaintiff, v. ALZORA J. TENHAGEN, Defendant.

[(County Court, Chautauqua County, April, 1906.)]

Service of papers — Service by mail.

Default — Opening default — Grounds or excuses — Failure to receive notice of trial.

The registry of the package containing the plaintiff's notice of trial, served by mail, does not invalidate such service; but where, by reason of illness, the defendant did not receive it until five days after the court had convened, a judgment obtained by plaintiff on an inquest should, in the exercise of the discretion of the court, be set aside; and an affidavit of merits need not be served with the moving papers.

APPLICATION to open a default heard upon the return of an order to show cause.

Freeman L. Morris, for plaintiff.

A. A. Van Duzen, for defendant.

Ottaway, J. This is an application to open a default heard upon the return of an order to show cause. The action is brought by the plaintiff to recover for work, labor and services. A judgment was obtained in Justice's Court by the plaintiff against the defendant and an appeal for a new trial was taken by the defendant to the County Court of Chautauqua county. Upon the 24th day of March, 1906, Freeman L. Morris, the attorney for the plaintiff, caused to be deposited in the post office at Sherman, N. Y., a registered package, addressed to Alzora Tenhagen, Findley Lake, N. Y. upon which was the indorsement " Personal delivery only." This package contained a notice of trial of this case for the term of the County Court commencing April 9, 1906. It appears by the affidavit of the defendant that, at the time of the transmission of this package to her address at Findley Lake, she was ill and confined to her bed and was unable to go to the post office by reason of said illness until the 14th day of April, 1906; that she received information that the registered package was at the post office requiring personal delivery. In consequence of her illness she did not receive the notice of trial until five days after the court had convened. An inquest was taken upon the sixteenth day of April and a judgment rendered in favor of the plaintiff for the amount demanded. The defendant asks that the judgment be vacated and set aside, claiming that the service of notice of trial was void by reason of the indorsement made upon the registered package and for the further reason that the package containing the notice of trial was registered, requiring a receipt to be given before delivery. It seems that the effect of an indorsement "personal delivery only" made upon a registered package, under the rules and regulations of the United States post office department, is to restrict the delivery of the package to the person to whom it is addressed only.

Under the decisions of this State it cannot be said that service made in this manner is void. Appeal Printing Co. v. Sherman, 99 App. Div. 533; Gaffney v. Bigelow, 2 Abb. N. C. 311; Clark v. McFarland, 10 Wend. 634; Miller v. Shaw, 67 Barb. 446; Jacobs v. Hooker, 1 id. 71.

By attaching this indorsement to a registered package, the party subjects himself to conditions requiring the relief of the court, as in the case at bar. A preliminary objection was made by the plaintiff that no affidavit of merits was served with the moving papers, and he urged that this was a necessary prerequisite to opening a default. This is the rule, except in those cases where a default was obtained through misapprehension or mistake occasioned by the act of the plaintiff or his attorneys. Under the present circumstances it was not necessary for the defendant to serve an affidavit of merits. We think, under all the circumstances in this case, that this application is addressed to the discretion of the court. The inquest and judgment entered thereon may be vacated and set aside, without costs to either party as against the other.

Inquest and judgment vacated, without costs to either party.