### KUH et al. v. GOLDMAN et al.

(Supreme Court, Appellate Division, First Department.   May 10, 1907.)

1. JUDGMENT—DEFAULT—SETTING ASIDE—GROUNDS.

A defendant, applying to the favor of the court to open a default judgment in an action on a note, and for leave to defendant, must establish a meritorious defense and submit and serve a proposed answer.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 293, 294, 317.]

2. SAME.

A defendant, on the evening of the last day to serve his answer, deposited a copy thereof in a post office box addressed to the attorney of plaintiff, but without sufficient postage. A postman on the following morning presented the envelope to the attorney, who refused to pay the postage due, and the postman did not deliver it. Thereafter a judgment for default was entered. Held, that defendant was not entitled to have the judgment set aside as irregular, for he failed to serve his answer by mail, in accordance with law.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 180; vol. 39, Pleading, § 1018.]

Appeal from Special Term, New York County.

Action by Emanuel S. Kuh and others against Nathan Goldman and another. From a decree granting a motion to set aside the judgment alleged to have been irregularly entered in favor of plaintiffs, they appeal. Reversed, and judgment reinstated.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Stanley Holcomb Molleson, for appellants.

Frankenthaler & Sapinsky (Joseph Sapinsky, of counsel), for respondents.

PER CURIAM. This action was brought by the plaintiffs, claiming to be the holders prior to maturity and for value of seven promissory notes made by the defendants. On the evening of the last day for defendants to serve their answer, a copy thereof was deposited in a post office box on the corner of Forty-Third street and Seventh avenue, addressed to the attorney for the plaintiffs, at 42 Broadway. On the next morning a postman presented to the plaintiffs' attorney an envelope, which bore on its upper left-hand corner the names of the defendants' attorneys, with a line drawn through the same, having in the upper right-hand corner a 2-cent postage stamp, and in addition a 2-cent postage due stamp, which envelope the postman offered to deliver to the plaintiffs' attorney on the payment of the 2-cent postage due. The attorney refused to pay the amount demanded, and the postman thereupon did not deliver the said envelope, and took it away with him. Thereafter plaintiff entered judgment as for default in the service of the answer. Defendants subsequently made a motion to set aside the judgment so entered upon the ground of irregularity. The learned court in its opinion said, "While, perhaps, technically the plaintiffs' attorney may have been right, his conduct does not commend itself to the court," and granted the motion to vacate the judgment, without costs and without conditions. From the order so made, this appeal is taken.

This order cannot be sustained. If the plaintiffs' practice was technically right, there was no irregularity in the entry of the judgment, and hence this motion should not have been granted. The defendants moved solely upon the ground of their legal right to have the judgment set aside as irregular. They did not apply to the favor of the court to open a default and for leave to come in and defend. This being an action on promissory notes, if they had so moved, it would have been necessary to have established a meritorious defense, and to have submitted and served a proposed answer. The court might then, as a matter of favor, have granted the motion to open the default upon such terms as it deemed proper. The defendants did not take that course, but made their application based upon a strict legal right. That being so, their proceedings must be judged by the same standard, and they failed to make it appear that their service by mail was in accordance with law. Why they should have resorted to a service by mail when the attorneys for both parties had offices in the same city is not explained.

They did not show that they had inclosed the answer in a properly prepaid wrapper, and the evidence showed that they did not. Where the service by mail is regular, the party to whom the paper is addressed takes the risk of the failure of the mail (Schenck v. McKie, 4 How. Prac. 246) ; but an attorney is not bound to take a letter from the post office charged with postage, though he has reason to believe it contains law papers, and the effect of his omission is a default of his adversary (Anonymous, 19 Wend. 87). Where a plea is served by mail, the whole postage must be paid. If it appears that part is paid, and part is due, the service is bad. Bross v. Nicholson, 1 How. Prac. 158, cited in Sherman v. Gregory, 42 How. Prac. 484.

There was, therefore, no obligation upon the part of the plaintiffs'

attorney to pay the postage due, and he had a right to refuse to receive the package tendered by the postman. When strict compliance with the technicalities of the law is demanded by one party to a litigation, he cannot complain if he is defeated by the application of the same rule.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, and the judgment should be reinstated.