utes themselves were not filed, or that they did not show that the statutory requirements were complied with, does not of itself make the nomination void, if it appears before the board of elections by competent testimony that the preliminaries were actually performed. So that, notwithstanding these irregularities, and although the official minutes do not show that the statutory requirements were performed, if as matter of fact it appears by competent evidence that they were performed, that there was an actual convention composed of a quorum or majority of the delegates duly elected, and that the convention actually met and made a nomination, then the nomination can be ·received. And so in all these objections raised here, as we understand, the court has found that the preliminaries required by the statute were actually carried out, and that the statute was actually complied with; and so far as we can see there was evidence to sustain that determination of the court below.

Under these circumstances, the board of elections was justified in overruling the protest; and the court below was right in refusing to overrule the action of the board.

This results in an affirmance of the order.

---

ABENDROTH & ROOT MFG. CO. v. W. T. FRAZIER & CO.

(Supreme Court, Appellate Division, First Department. November 4, 1910.)

1. PLEADING (§ 338*)—DEFECTIVE ANSWER—RETURN OF—CARE NECESSARY.
   Where plaintiff's attorney chose to return the answer served, which was improperly ·verified, it was only necessary that he exercise due diligence and return it within a reasonable time.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1022, 1023; Dec. Dig. § 338.*]

2. PLEADING (§ 338*)—RETURN OF ANSWER—REASONABLE TIME.
   Defendant's attorney served his answer by sending it as registered mail on his last day to serve, June 30th. Plaintiff's attorney returned the answer in the same manner, as it was improperly verified. Defendant refused to sign the receipt, and the answer was returned to plaintiff's attorney. July 2d was a half holiday, July 3d was Sunday, and July 4th was a full holiday, and on July 5th plaintiff's attorney personally returned the answer. *Held*, that plaintiff's attorney was not guilty of laches, and did not unreasonably retain the defective answer.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1022, 1023; Dec. Dig. § 338.*]

Appeal from Special Term, New York County.

Action by the Abendroth & Root Manufacturing Company against W. T. Frazier & Co. From an order refusing to compel acceptance of service of the answer, defendant appeals. Affirmed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

George H. Mallory, for appellant.
Charles T. Haviland, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PER CURIAM. This is an appeal from an order of the Special Term denying defendant's motion to compel plaintiff's attorneys to accept service of an answer. The controversy is one of those unnecessary quarrels between attorneys, which could and should have been adjusted by the exercise of a little mutual courtesy and forbearance, and from which the clients of neither can hope to reach any advantage. The questions raised are technical in the extreme.

The defendant's last day to serve its answer was June 30, 1910. Defendant's attorney undertook to serve it on that day by mail, sending it as a "registered letter." It was received by plaintiff's attorneys, who elected to return it, as it was improperly verified, sending it also by mail as a "registered letter." Defendant's attorney refused to receive the letter from the postman, because, in order to do so, it would be necessary to sign a receipt, and the letter was in due course returned to plaintiff's attorneys, July 2d, which, as it fell on Saturday, was a half holiday. July 3d was Sunday, and July 4th was a full holiday. On July 5th plaintiff's attorneys personally returned the answer to defendant's attorney, who now moves that said defendant's attorneys be required to accept it, on the ground that they were guilty of laches.

His first proposition is that service of a paper by registered mail is not good service under the Code of Civil Procedure, where the addressee refuses to sign the receipt and does not in fact obtain possession of the paper thus mailed. This objection to the method adopted for returning the answer scarcely comes with good grace from the defendant's attorney, for he himself was the first to adopt this method of serving papers, and it is, to say the least, unreasonable for him now to complain that plaintiff's attorneys followed his example. We do not, however, find it necessary to pass upon the question; for, assuming that service by registered mail does not ordinarily constitute good service, still we are of opinion that the plaintiff's attorneys were not guilty of laches, and did not unreasonably retain the defective pleading. All that plaintiff's attorneys were obliged to do was to exercise due diligence in returning the defective pleading. This, we think, under all the circumstances, the plaintiff's attorneys did. They certainly had no reason to expect that defendant's attorney would refuse to receive a letter sent by registered mail, after he himself had adopted that mode of service, and they personally returned the answer the first business day after they had learned of the attitude taken by their opponent.

Order affirmed, with $10 costs and disbursements.