### HUMPHREYS v. ROSKAM–SCOTT CO.

(Supreme Court, Appellate Term. March 8, 1912.)

PLEADING (§ 336*)—SERVICE BY MAIL—REFUSAL TO ACCEPT.

    Where defendant's attorney inclosed an answer in a properly prepaid wrapper and deposited the same in the post office, directed to plaintiff's attorney, the service was complete when the answer was deposited in the post office, notwithstanding plaintiff's attorney refused to accept the same because a clerk in the post office erroneously demanded additional postage.

    [Ed. Note.— For other cases, see Pleading, Cent. Dig. §§ 1017–1021, 1024; Dec. Dig. § 336.*]

Appeal from City Court of New York, Special Term.

Action by Frederick Parker Humphreys against the Roskam-Scott Company. From an order of the New York City Court, plaintiff appeals. Modified and affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued February term, 1912, before SEABURY, GUY, and BI-JUR, JJ.

George Ryall, for appellant.

Edward A. Scott, for respondent.

· PER CURIAM.   Before mailing, a clerk of the defendant's attorney caused the envelope containing its answer to be weighed by a clerk in the post office and was informed that the required amount of postage thereon was "2 cents."   The package was sealed, properly addressed, a two-cent stamp affixed, and then deposited in the post office.   After the refusal of the plaintiff's attorney to accept a delivery of the package, owing to a claim made by another clerk in the post office that there was still due two cents thereon, the package was again weighed by defendant's attorney, and also in the post office, and the proof showed, and the court below so found, that it weighed, when mailed, less than one ounce, and that the requisite amount of postage had been paid.   The facts in this case are therefore materially different from the facts in the case of Kuh v. Goodman, 119 App. Div. 148, 104 N. Y. Supp. 255.   In that case the court said:

"They [the defendants] did not show that they inclosed the answer in a properly prepaid wrapper, and the evidence showed that they did not."

The defendant's service was complete when the answer was deposited in the post office.   Elliott v. Kennedy, 26 How. Prac. 422. No motion costs, however, should have been allowed the defendant.

Order modified, by striking therefrom the allowance of $10 motion costs, and, as modified, affirmed, without costs or disbursements of this appeal to either party.