MAY BYRON, Respondent, *v.* LA MURA CONTRACTING COMPANY, INC., Appellant.

Second Department, May 23, 1919.

**Pleading — service of complaint by mail — failure to prepay postage — motion to compel defendant's attorneys to accept service of complaint denied — unexplained laches of plaintiff — complaint dismissed.**

An attorney serving a complaint by mail must prepay the postage, and defendant's attorney is justified in refusing to pay said postage.

Where a complaint was returned because of the failure of the plaintiff's attorney to prepay the postage and no action was taken by plaintiff to open the default or to compel acceptance of the pleading for over one year and a half, and no explanation or excuse is given for the delay, and in the meantime another action was commenced by plaintiff against defendant through another attorney by service of summons only, which action was dismissed for failure to serve the complaint, and there is no explanation as to the second action, the plaintiff is not entitled to an order compelling the acceptance of the complaint, and defendant's motion to dismiss said complaint should be granted.

The plaintiff should have made application to open her default.

APPEAL by the defendant, La Mura Contracting Company, Inc., from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 18th day of February, 1918, granting plaintiff's motion to compel acceptance by defendant's attorneys of service of a copy of the complaint, with ten dollars costs to plaintiff, and denying defendant's counter motion to dismiss the complaint, or if the action be not dismissed, that plaintiff's proceedings be stayed until a judgment for twenty-two dollars and ninety-three cents costs in favor of defendant and against plaintiff in a second action for the same relief, be paid.

*Mortimer M. Menken,* for the appellant.

*James P. Kohler,* for the respondent.

PER CURIAM:

The plaintiff's attorney serving the complaint by mail, was obliged to prepay the postage, and defendant's attorney was justified in his refusal to pay the postage due. (Code Civ. Proc. § 797, subd. 1; *Appeal Printing Co.* v. *Sherman,* 99 App. Div. 533.) The postman refused to deliver the envelope and the complaint never came into the possession of the defendant's attorney. This occurred in May, 1917. The envelope containing the complaint was returned to plaintiff's attorney by the post-office department on May 21, 1917. No action was taken by plaintiff to open the default or to compel acceptance of the pleading until February, 1919, a lapse of over one year and a half, and no explanation or excuse is given for the delay. In the meantime, it appears that in June, 1917, another action was commenced by plaintiff against defendant in this court through another attorney by service of summons only, and this action was dismissed, with costs, for failure to serve complaint. Nor is any explanation offered by plaintiff of this second action. And in no case was the plaintiff entitled to an order compelling the acceptance of the complaint. She was in default and her application should have been to open that default. In a similar case in the First Department the court said: " If the plaintiffs' practice was technically right there was no irregularity in the entry of the judgment and hence this motion should not have been granted. The defendants moved solely upon the ground of their legal right to have the judgment set aside as irregular. They did not apply to the favor of the court to open a default and for leave to come in and defend. * * * The defendants did not take that course but made their application based upon a strict legal right. That being so, their proceedings must be judged by the same standard, and they failed to make it appear that their service by mail was in accordance with law. Why they should have resorted to a service by mail when the attorneys for both parties had offices in the same city is not explained. They did not show that they had inclosed the answer in a properly prepaid wrapper and the evidence showed that they did not. Where the service by mail is regular, the party to whom the paper is addressed takes the risk of the failure of the mail (*Schenck*

v. *McKie,* 4 How. Pr. 246); but an attorney is not bound to take a letter from the post-office charged with postage though he has reason to believe it contains law papers, and the effect of his omission is a default of his adversary. (*Anonymous,* 19 Wend. 87.) Where a plea is served by mail, the whole postage must be paid. If it appears that part is paid and part is due, the service is bad. (*Bross* v. *Nicholson,* 1 How. Pr. 158; cited in *Sherman* v. *Gregory,* 42 id. 484.) There was, therefore, no obligation upon the part of the plaintiffs' attorney to pay the postage due, and he had a right to refuse to receive the package tendered by the postman. When strict compliance with the technicalities of the law is demanded by one party to a litigation, he cannot complain if he is defeated by the application of the same rule." (*Kuh* v. *Goldman,* 119 App. Div. 148.) Whatever may be said as to the technical character of defendant's practice, the unexplained laches of plaintiff, coupled with the irregularity of her present proceeding, necessitated a denial of her motion, and the granting of defendant's motion to dismiss the complaint.

The order granting plaintiff's motion to compel defendant's attorneys to accept service of the complaint should be reversed, and motion denied, and the order denying defendant's motion to dismiss complaint should be reversed and motion granted and complaint dismissed, with costs and ten dollars costs and disbursements of this appeal.

JENKS, P. J., PUTNAM, BLACKMAR, KELLY and JAYCOX, JJ., concurred.

Order granting plaintiff's motion to compel defendant's attorneys to accept service of the complaint reversed, and motion denied. Order denying defendant's motion to dismiss complaint reversed and motion granted and complaint dismissed, with costs and ten dollars costs and disbursements of this appeal.