Surrogate's Court, Monroe County, December, 1926. [Vol. 128

Murray from further removing sand or gravel from said sand and gravel bank so as to decrease the slope thereof from the ratio of one and one-half to one foot, taking the common boundary line of the highways and defendant's lands or the top of the slope.

---

In the Matter of the Application of PHILINDA E. SAFFOLD for Leave to Issue Execution on the Judgment Recovered by Her in the Supreme Court, Erie County, against ROSE E. FELLOWS, as Executrix of the Last Will and Testament of PERRY E. FELLOWS, Deceased.

Surrogate's Court, Monroe County, December 27, 1926.

Process — service by registered mail — motion in Surrogate's Court for leave to issue execution on judgment recovered against executrix — before expiration of time to appeal, attorney for judgment debtor mailed registered letter to attorney for judgment creditor containing undertaking on appeal with notice of filing — said attorney refused to sign registered return receipt card — service invalid and appeal has not been perfected — order may issue requiring executrix to appear and render her account.

The mailing of a copy of an undertaking on appeal with notice of filing thereof before the time to appeal had expired, by registered mail in an envelope upon which the sender caused to be stamped the words "Return Receipt Requested," is not a valid service of what is assumed to be a copy of the undertaking and notice of filing, where said attorneys refused to accept delivery upon condition of receipting for the letter, and the receipt card was returned bearing the word "Refused" indorsed thereon by the postman.

Accordingly, the executrix herein, against whom had been recovered a judgment in the Supreme Court, cannot be deemed to have perfected her appeal from said judgment so far as to stay execution thereon, and, therefore, having failed to show that she ever made any attempt to serve a copy of the undertaking and notice other than as aforesaid, she must appear in the Surrogate's Court to render an account as such executrix.

MOTION for leave to issue execution.

*Block & Williams* [*K. B. Keating* of counsel], for the motion.

*Chas. E. Bostwick* [*D. L. Crowley* of counsel], opposed.

FEELY, S. Against this motion for leave to issue execution it is urged that a stay had been previously effected by appeal. The respondent's attorneys state that no copy of an undertaking on appeal with notice of filing (Civ. Prac. Act, § 565) was ever served upon them. In reply, the appellant's counsel produced, and exhibited to counsel and to this court, a sealed envelope, said to contain the undertaking and notice. This envelope bears sufficient postage stamps for carriage and registration thereof. It has imprinted in its upper left-hand corner the name and office address

of appellant's attorney in Rochester; also, in typewriting, the name and correct address of respondent's attorneys in Buffalo. At several places on this cover the post office had rubber-stamped thereon conspicuously the words *"Registered,"* and *"Return Receipt Requested."*

It is not disputed that, before the time to appeal had expired, upon presentation of this registered letter by the postman, requesting a receipt therefor, the respondent's attorneys declined to sign the official receipt card. The letter was, of course, not delivered to them, but was returned to the sender, bearing the word " Refused " indorsed thereon by the postman.

It is common knowledge that the letter carrier, in so doing, simply followed the course of business of the post office, under the act of Congress, in returning the registered letter to the sender when the addressee refused to sign the receipt therefor, which the sender, at the outset, had required the carrier to procure from them and return to him. . It is also too well known to need proving that even if the return receipt had not been requested by the sender, the postman would have insisted on a receipt, under the regulations, to be filed in the post office, as its own voucher; and also that a further receipt is not procured for return to the sender unless the latter, before registering and mailing the letter, makes a special request therefor, which must appear upon the envelope.

The moving party argues that the respondent's attorneys were not obliged to sign the receipt, and that the attempted service was not good. The appellant never thereafter made any attempt to serve a copy of the undertaking and notice in any other way, and now insists that the service above described was sufficient. It appears never to have been directly decided whether notices to an attorney of record could be served by registered mail, although in *Abendroth & Root Mfg. Co.* v. *Frazier & Co.* (140 App. Div. 922) the court assumed, without expressly deciding, that " service by registered mail does not ordinarily constitute good service."

The following reasons lead to that view: The right to serve by mail is wholly statutory, and strict compliance is requisite. It has been held that service by mail (see Rules Civ. Prac. rule 20, subd. 1) is insufficient where the envelope bears any direction for return in case of non-delivery and by reason of such direction the addressee failed to receive it. (*Gaffney* v. *Bigelow*, 2 Abb. N. C. 311. See, also, *Price* v. *City of New York*, 104 App. Div. 198; *Appeal Printing Co.* v. *Sherman*, 99 id. 533.) It is also clear that acknowledgment or admission of service is not compulsory, because the server can avail himself of other recognized means of proving service. A law clerk, for example, sent to serve a notice on the

opposing attorney of record, if he insisted on the attorney giving him admission of service and, upon being refused, were to pick up from the desk the paper tendered for service, and instead of leaving it there and relying on his own affidavit to prove service, were to bring back both the original and copy, could hardly be said to have made good service. It seems a fair analogy, for that is just what is done when a letter is handed to any carrier with instructions, express or implied, to obtain a receipt for delivery thereof or make no delivery. When the carrier is the post office, everybody must know that the act of registering the letter implies, in every case, the practice of the post office not to deliver without getting its own receipt, and expressly where the special directions are given by the sender to procure for him also a return receipt. The sender here, having of his own initiative chosen the registered mail as his means of service, not only attempted a special manner of service which is not allowed by the general statute, interpreted to contemplate absolute delivery, in the ordinary method of business, but he also attempted to make prerequisite to delivery an act on the part of the addressee that the latter was not, in any way, legally obliged to do for him, namely, a written admission of service of whatever the envelope might contain. The respondents were within their rights in refusing to sign the official return receipt card. Their refusal to accept delivery upon condition of receipting in writing therefor, renders inapplicable the numerous cases in which acceptance, opening and inspection of letters irregularly mailed amounted to a waiver of the defects. (*Appeal Printing Co.* v. *Sherman,* 99 App. Div. 533; *Sears* v. *Tenhagen,* 50 Misc. 275.) In the latter case, however, there are some dicta that bear on the present question. There a notice of trial was mailed in March to an outlying place where defendant resided. The letter was registered and marked " Personal delivery only." The addressee was sick and unable to go to the post office. When he did go and got the letter, a judgment had been entered against her. The court wrote that the indorsement " Personal service only " merely restricted the delivery to addressee, and did not make the service void; but that the plaintiff, in attaching this indorsement to a registered package, subjected himself to conditions requiring the relief of this court. The default was opened accordingly.

It follows that there was no valid service of what is assumed to be the copy of the undertaking and notice of filing, in the registered letter, and that the appeal has not been so far perfected as to stay execution on the judgment sought to be reviewed.

The moving party is, therefore, entitled to an order requiring Rose E. Fellows, as executrix of the last will and testament of Perry

E. Fellows, deceased, under letters testamentary issued July 9, 1925, to appear in this court on the 7th day of January, 1927, and then render an account as such executrix of all and singular the assets and liabilities of said estate; and particularly of the assets in her hands as such executrix that may be properly applicable to the payment of said judgment; and that this proceeding for an order that execution issue be adjourned to the day set for said accounting.