WALTER RYAN, Respondent, *v.* WILLIAM HORNBLASS, Appellant.

Supreme Court, Erie County, February 20, 1934.

*A. Gerald Weinberg*, for the appellant.

*Charles T. Yeager*, for the respondent.

SWIFT, J. This is an appeal by the defendant from an order of the City Court of Buffalo restoring this case to the ready calendar. The action was commenced in 1924. Not being tried when reached, it was placed upon the reserved calendar. In 1930, according to a notation upon the " minute slip " of the court, it was " dismissed reserved calendar two years " by the clerk. In 1933 on motion by the plaintiff the order appealed from was granted.

Rule 12 of the City Court of Buffalo provides: " After a cause has been upon the reserved calendar for the period of two years, and has not been removed therefrom either by stipulation or motion, the same shall be dismissed by the clerk without further notice."

The plaintiff contends that this rule is void because in conflict with section 181 of the Civil Practice Act, which provides that where the plaintiff unreasonably neglects to proceed in an action,

the court, upon the application of the defendant, "may dismiss the complaint as against the moving party or parties and render judgment accordingly." There can be no doubt that, under this section, the plaintiff is entitled to notice so that he may have an opportunity to show that his neglect has not been unreasonable. This was also the rule at common law. (*Hudson* v. *Henry*, 1 Caines, 67.)

The contention of the plaintiff is correct if rule 12 is to be interpreted as giving to the clerk power to dismiss without notice the plaintiff's complaint and render judgment accordingly. The expression "a cause * * * shall be dismissed" forms the basis for this interpretation holding the rule illegal.

As a matter of fact, under this rule the clerk does not dismiss the complaint or render judgment. He simply dismisses the case from the calendar, and, where a case is so stricken from the calendar, the plaintiff may move for its restoration. Such a motion is directed to the discretion of the court, and the defendant, by cross-motion, may ask that the complaint be dismissed and judgment rendered for plaintiff's unreasonable neglect to proceed. The confusion arises from the use of the word "dismissed," although there is in the rule no mention of a complaint. The rule would be clearer if, after the word "dismissed," we inserted the word "therefrom," and it would then accurately describe the procedure which is followed under it.

Interpreting rule 12 in the light of its purpose and its use, it violates no law, but constitutes a proper rule for control of the court's calendar.

This court holds that rule 12 is valid and that the plaintiff's complaint was not dismissed, but the case was simply stricken from the calendar. The briefs upon the appeal indicate that the order appealed from was granted as of right because of the invalidity of rule 12, but the order recites that among the moving papers was an affidavit of the plaintiff. This affidavit is missing from the return, and it might have contained allegations justifying the court below, without abuse of discretion, in holding plaintiff excused for neglecting for more than nine years to proceed in the action.

The order appealed from is vacated and set aside, without costs, and without prejudice to the plaintiff to renew the same.