WALTER PETRONIS and CATHARINE PETRONIS, Claimants, *v*. THE STATE OF NEW YORK, Defendant.

(Claim No. 25149.)

Court of Claims, February 14, 1939.

*William B. Hanks*, for the claimants.

*John J. Bennett, Jr., Attorney-General [Alfred I. Spagnola, Deputy Assistant Attorney-General*, of counsel], for the defendant.

*James R. Douglas*, for the Lehigh Valley Railroad Company.

RYAN, J. This is a claim to recover for damages sustained by virtue of the appropriation by the State of New York of certain parcels out of the farm lands owned by the claimants for the purpose of grade crossing elimination. All formalities as to the appropriation required by chapter 678 of the Laws of 1928 were complied with. Copies of the appropriation maps were served on the claimants on May 13, 1936, and on May 18, 1936.

On March 29, 1938, the original claim of the claimants was filed in the office of the clerk of the Court of Claims. On April 4, 1938, the said clerk received from the claimants' attorney twelve printed copies of the claim as required by the court rules. On the same day a court attendant and messenger in the office of the clerk of the Court of Claims, acting in compliance with rule 13 of the rules of this court, delivered six printed copies of the claim of the claimants to the office of the Attorney-General of the State of New York. The claim was regularly put upon the calendar of this court and reached for trial at the next term thereof held in the city of Rochester. The Attorney-General prepared the case for trial and appeared and presented testimony as to the value of the property taken and the damages sustained by the claimants. At no time did the claimants or their attorney serve either personally or by mail a copy of their claim upon the Attorney-General nor upon any of his deputies.

Upon the trial the Attorney-General moved to dismiss the claim for want of jurisdiction of this court to hear and determine it. The claimants rely upon the delivery of the copies of their claim by the messenger of the clerk of this court to the Attorney-General.

It used to be the practice in this court upon the trial of appropriation claims to establish jurisdiction by proving only the filing of either the written claim or the written notice of intention to file a claim with the clerk of the court. This practice was based upon the wording of section 15 of the Court of Claims Act as it read prior to its amendment by chapter 775 of the Laws of 1936. It then read as follows: " No claim other than for the appropriation of land shall be maintained against the State unless the claimant shall within six months after such claim shall have accrued, file in the office of the clerk of the Court of Claims and with the Attorney-General either a written claim or a written notice of intention to file a claim against the State."

When the Legislature amended the Court of Claims Act in 1936 section 15 was completely rewritten. As it now reads it provides specific limitations for various causes of action but it does not state upon whom a claim shall be served nor in what office it shall be filed. That provision is found in a new section, section 15-a, which reads as follows: " The claim or notice of intention shall be filed with the clerk of the court and a copy served upon the Attorney-General. The claim shall state the time when and place where such claim arose, the nature of same, and the items of damage or injuries claimed to have been sustained and the total sum claimed. The notice of intention to file a claim shall set forth the same matters except that the items of damages or injuries and the sum claimed

need not be stated. The claim or notice of intention to file a claim shall be verified by the claimant before an officer authorized to administer oaths."

It seems, therefore, that since the enactment of chapter 775 of the Laws of 1936 a copy of all claims, including appropriation claims, must be served upon the Attorney-General. The question for us to determine here is whether or not delivery of the copies of claimants' claim to the Attorney-General or his subordinate by the messenger employed by the clerk of our court can be taken advantage of by these claimants as a compliance with the direction of section 15-a above quoted. To repeat, the section directs: " The claim or notice of intention shall be filed with the clerk of the court and a copy served upon the Attorney-General." The claimants complied with the first direction and their claim was duly filed with the clerk of the court. But was a copy of their claim properly served upon the Attorney-General?

There is usually a distinction between serving and filing. Moreover, where the statute is silent on the method of service the vigilant will serve personally. However, the object of requiring either the filing with the Attorney-General, as directed by the old section 15 (except in appropriation cases), or serving a copy upon the Attorney-General, as directed by the new section 15-a, is to place the State in a position to have an investigation of the claim against it made by the proper officials and the State's defense prepared. When that object is attained the courts will hold that substantial compliance with the statute is sufficient. We quote from the opinion of Judge ANDREWS in *Sweeney* v. *City of New York* (225 N. Y. 271, 276): " The rule we adopt is that if a paper of the character required comes into his possession within the time limited by the statute, it is unimportant how the possession is acquired. The object of the statute is accomplished." (See, also, *Diehl* v. *Becker*, 227 N. Y. 318, 324.)

In the case of *Gates* v. *State* (128 N. Y. 221, 227, 228) it was pointed out that there was a failure to show delivery to the office of the Canal Appraisers of the claimant's claim. In this case delivery has been shown and is sufficient. The case of *Rogers* v. *Village of Port Chester* (234 N. Y. 182) is likewise to be distinguished upon the facts.

We hold that the claimants have substantially complied with the statute and that we have jurisdiction to make an award in this case for the damages sustained by them as the result of the formal appropriation of parcels of their lands. However, reliance upon the clerk of the court to deliver copies of claims to the Attorney-General should not become the practice and we trust that it will not.

GIBBS, J., concurs.