In the Matter of MINNIE DRAKE, Respondent, against COMP-TROLLER OF THE CITY OF NEW YORK et al., Appellants.

First Department, May 22, 1951.

*Alfred Weinstein* of counsel (*Seymour B. Quel* with him on the brief; *John P. McGrath, Corporation Counsel*), for appellants.

*Bernard J. Mallen* of counsel (*Rice & Mallen,* attorneys), for respondent.

VAN VOORHIS, J.   Petitioner-respondent, within sixty days as then limited by section 50-e of the General Municipal Law, signed and verified a notice of claim against the City of New York which complied in all respects with that section. This notice was mailed to the city comptroller and is admitted to have been received by him and petitioner examined at his instance regarding the facts of her claim within the said period of time prescribed by section 50-e.   We are asked to reverse the order appealed from, by holding that her claim against the city is invalid and unenforcible for the reason that it was delivered to the comptroller by ordinary mail, instead of by registered mail as directed by section 50-e.

Section 50-e of the General Municipal Law has recently been before the Court of Appeals in *Matter of Martin* v. *School Board* (*Long Beach*), (301 N. Y. 233), and it is urged that the construction there placed upon it requires a strict enforcement. The *Martin* case, however, as it seems to us, involved a different set of facts and is not controlling here.   The question there was whether the requirements of section 50-e apply to infants. No claim had been filed, and the application for leave to file was not made until nineteen months after the alleged tortious injury.   Respondent's claim in this case, perfect in form, substance and manner of execution, was in the hands of the city comptroller within one month and two days after her accident, and she was also examined under oath by the comptroller within the sixty-day period following the accident.   Four months after being examined, she was informed that her claim had been disallowed for the reason that it had not been transmitted to the comptroller by registered mail.

The position of the city in this matter is unsupported by the decided cases upon the subject of mailing, with the exception of *Teresta* v. *City of New York* (277 App. Div. 787) which

appears to make an exception in favor of public corporations that is hardly in furtherance of the purposes of this statute, and departs from a line of cases disregarding irregularities in the manner of mailing or filing where the paper reaches its destination within the time prescribed. It is true that where service by registered mail is required by statute, proof of ordinary mailing is defective in the absence of evidence that the notice actually was received (*Commercial Credit Corp.* v. *Ornstein,* 245 Ap. Div. 815), but if more than that were required, then a statute prescribing service by registered mail could not be complied with by personal service unless the latter were expressly permitted. The situation resembles service of papers in actions without prepaying the postage, notwithstanding a statute that in order to effect service the postage shall be prepaid. In *Appeal Printing Co.* v. *Sherman* (99 App. Div. 533, 534) the court said:

" In some of the old cases it was held that where service by mail was attempted without prepaying the full postage, no obligation was placed upon the person upon whom the service was sought to be made to take the package from the post office, and that he might refuse to do so, even though he knew that his act would necessarily result in defaulting his adversary. (*Anon.,* 19 Wend. 87; *Bross* v. *Nicholson,* 1 How. Pr. 158; *Anon.,* 1 Hill, 217.)

" The test in determining whether the service by mail in particular cases suffices is whether or not the papers actually came into the hands of the attorney for the adverse party. If by reason of the presence of a return card on the envelope (*Gaffney* v. *Bigelow,* 2 Abb. N. C. 311; *Manchester* v. *Van Brunt,* 2 Misc. Rep. 228) or if by reason of shortage of postage the papers do not actually come into the possession of the party upon whom it is sought to serve them, there is no service. But if such causes do not, in fact, prevent the actual receipt of the papers, they become immaterial defects and do not invalidate the service. (*Clark* v. *M'Farland,* 10 Wend. 634.) "

A similar question was considered by the Court of Appeals, in construing a statute respecting the filing of claims against New York City which preceded section 50-e of the General Municipal Law, in *Sweeney* v. *City of New York* (225 N. Y. 271). The statute there involved required that claims be filed with the corporation counsel within six months after the cause of action accrued. The court said (pp. 273, 275):

" This provision should be reasonably construed. Its purpose is to protect the city against unfounded claims by enabling its law officers to investigate promptly the circumstances surrounding the alleged accident and the place where it is said to have occurred. It is not a trap to catch the unwary or the ignorant. \* \* \*

" The verb ' to file ' may be used in various senses. When as in this statute it is said that a paper must be filed with an officer the requirement is at least complied with when the party delivers that paper to the officer at his official place of business and there leaves it with him. Whether he does this personally or by mail is, we think, immaterial, so long as it is actually received. In *Gates* v. *State of New York* (128 N. Y. 221) a notice was mailed but there was no proof that it was received by the board to which it was addressed. The notice may be left by an agent. Finally, in construing this same statute, we held in *Missano* v. *Mayor, etc., of N. Y.,* (160 N. Y. 123) that it is enough if the corporation counsel actually and seasonably receives the notice from another official to whom it may have been mistakenly delivered."

The latter decision was followed by the Court of Claims in *Petronis* v. *State of New York* (170 Misc. 223) which involved the requirement of chapter 775 of the Laws of 1936 that a copy of all claims against the State be served upon the Attorney-General as well as filed in the office of the Clerk of the Court of Claims. Copies of the claim in that case were brought to the Attorney-General by a messenger employed by the Clerk of the Court of Claims. That was held to be in compliance with the statute inasmuch as the Attorney-General received a copy of the claim, although not from the claimant as the statute appeared to contemplate.

The question has often arisen whether service by registered mail is adequate where ordinary mailing would be sufficient. In such instances, refusal to accept the registered notice relieves the party to be charged, but it is otherwise if he accepts delivery. In *Matter of Saffold* v. *Fellows* (128 Misc. 422) Surrogate FEELY said (p. 424): " The respondents were within their rights in refusing to sign the official return receipt card. Their refusal to accept delivery upon condition of receipting in writing therefor, renders inapplicable the numerous cases in which acceptance, opening and inspection of letters irregularly mailed amounted to a waiver of the defects. (*Appeal Printing Co.* v. *Sherman,* 99 App. Div. 533; *Sears* v. *Tenhagen,* 50 Misc. 275.)"

This recognizes the rule that actual receipt of such a paper is sufficient in any event. The Appellate Division went even farther than this by holding the service of the notice of appeal good, under the special circumstances of that case, notwithstanding refusal by the respondent's attorney to accept delivery and sign the return receipt (219 App. Div. 865).

It was so held, even though the addressee rejected the notice, here the comptroller received and accepted it. (See, also, *Horowitz* v. *Winter,* 129 Misc. 814.)

These cases indicate that service by registered mail of respondent's claim would have been necessary if the New York City Comptroller had failed to receive the claim; that receipt of the claim within the time limited is what the statute aims to accomplish; and that where the notice of claim punctually reaches its destination, the method by which it does so is not material.

The giving of such a notice has long been held to be an essential part of a cause of action for tort against a municipality, and a condition precedent to recovery. (*Reining* v. *City of Buffalo,* 102 N. Y. 308; *Winter* v. *City of Niagara Falls,* 190 N. Y. 198.) On the other hand, jurisdiction over the person of the municipality or over the subject matter of the action has not, insofar as we are aware, been held to depend upon this. In *Winter* v. *City of Niagara Falls* (*supra,* pp. 202, 203) it was said that " the requirement does not relate to the commencement of an action " but " became an essential part of a complainant's cause of action " and for that reason had to be pleaded and proven. To be sure, the jurisdictional point was urged in the city's brief in *Brazill* v. *City of New York* (affirmed in this court without opinion, 264 App. Div. 763, motion for leave to appeal denied 289 N. Y. 851) for the reason that the applicable part of the statute then stated that notice of claim must be served upon the municipality in the same manner prescribed by law for the service of a summons (L. 1937, ch. 929; Administrative Code of City of New York, § 394a–1.0, subd. c). This language appears to have introduced some uncertainty concerning whether the giving of such a notice was jurisdictional, or merely an ingredient in the cause of action as had been held in previous cases. The confusion was removed when that statute was superseded by section 50-e of the General Municipal Law, which draws no analogy with the service of a summons. Even where a question of jurisdiction of the person of a defendant has been involved, courts have endeavored, where possible, to justify the aphorism of Judge CARDOZO that

" The law has outgrown its primitive stage of formalism when the precise word was the sovereign talisman, and every slip was fatal " (*Wood* v. *Duff-Gordon*, 222 N. Y. 88, 91). Thus in *Shushereba* v. *Ames* (255 N. Y. 490, 493) which did involve obtaining jurisdiction over a nonresident motorist under section 52 of the Vehicle and Traffic Law, which required the " defendant's return receipt " by registered mail, the Court of Appeals said: " The purpose of the statute is accomplished when a defendant receives notice of the pendency of the action and opportunity to defend." As long ago as *McCully* v. *Heller* (66 How. Prac. 468, 471), Judge CULLEN observed at the Kings County Special Term concerning service of a summons on a nonresident: " There remains to be considered the objection that a copy of the summons and complaint was not sent to the defendants by mail in addition to the personal service upon them [without the State] * * *. It is true that is reading the statute closely according to its mere words * * *. The object of sending the copies by mail is that such copies may reach the defendant. But why serve a copy in that manner, when it has already been served or is to be served upon the defendant personally. What is to be attained by such double service? "

A good deal has been written in recent years concerning the liberality manifested by the enactment of section 12-a (now § 8) of the Court of Claims Act, in waiving governmental immunity of the State, its counties, cities, towns and villages from liability for torts in the performance of governmental functions (*Murtha* v. *New York Homeopathic Medical Coll. & Flower Hosp.*, 228 N. Y. 183). In fact, this statute has been declared to be an admission that " the sovereign ought to and promises that in future it will voluntarily discharge its moral obligations in the same manner as the citizen is forced to perform a duty which courts and Legislatures have so long held, as to him, to be a legal liability " (*Jackson* v. *State of New York*, 261 N. Y. 134, 138). It would be an anachronism, in a case such as this involving an alleged defect in a subway platform, where governmental immunity never did exist, to create partial immunity by a web of technicality in the construction of section 50-e of the General Municipal Law. To do so would not be in harmony with the purpose and intent of that statute. We do not relax any of its essential requirements.

The law should be deemed settled by a long line of cases that to avoid an unintended result a statute should be given a rational interpretation, consistent with achieving its purpose and with justice and common sense (*Surace* v. *Danna*, 248 N. Y. 18, 21;

*Smith* v. *People,* 47 N. Y. 330, 342; *Matter of Meyer,* 209 N. Y. 386, 389).

Although the petitioner has applied for an order permitting her claim to be presented to the city by registered mail, we construe her application for other and further relief as entitling her to a determination that the notice of claim which she did file with the city comptroller within the time limited was adequate. We hold that it was sufficient, and that her omission to forward it by registered mail should be disregarded under the circumstances of this case.

The order appealed from should be modified so as to provide that petitioner's notice of claim has been properly given, and as so modified affirmed, with $20 costs and printing disbursements to respondent.

COHN, J. (dissenting). The comptroller and the New York City transit system appeal from an order which granted the motion of petitioner made pursuant to section 50-e of the General Municipal Law for leave to serve a notice of claim after the expiration of the period for such service specified in subdivision 1 of the statute.

Plaintiff was allegedly injured at a subway station on December 9, 1949. Five days later a typewritten letter mailed by her to the claims division of the New York City subway system was received, stating the details of the accident. In response there was sent to petitioner a form of notice of claim and a letter to the effect that the notice of claim must be served personally or by registered mail within sixty days of the accident. Petitioner executed the notice of claim and forwarded it to the comptroller by ordinary mail on January 10, 1950.

Petitioner was examined by the comptroller on February 3, 1950, and swore to the examination on March 21, 1950. Later the comptroller informed her that her claim had not been received by registered mail within the statutory time and, accordingly, on June 2, 1950, petitioner was notified that her claim had been disallowed.

Motion papers asking for leave to serve a notice of claim after the expiration of the statutory period were served on December 7, 1950. The Special Term granted the application on the ground that the city was not prejudiced by failure to receive the notice by registered mail inasmuch as the comptroller admitted he had received the notice through ordinary mail.

Section 50-e of the General Municipal Law as it existed at the time of the accident provided as follows:

" § 50-e. *Notice of claim.*

" 1. In any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action or special proceeding against a public corporation, as defined in the general corporation law, or any officer, appointee or employee thereof, the notice shall comply with the provisions of this section and it shall be given within sixty days after the claim arises. * * *

" 3. The notice shall be served on the party against whom the claim is made by delivering the notice, or a copy thereof, personally, or by registered mail, to the person, officer, agent, clerk or employee, designated by law as a person to whom a summons in an action in the supreme court issued against such party may be delivered."

Upon this record, there was no authority in the Special Term to grant leave to serve a notice of claim more than sixty days (now ninety days, L. 1950, ch. 481) after the claim arose and before the expiration of a year. Such power is given to the court only where the claimant is an infant or is mentally or physically incapacitated and by reason of such disability fails to serve a notice as required by statute within the time limited therefor or where a person entitled to make a claim dies before the expiration of the time limited for the service of the notice. (General Municipal Law, § 50-e, subd. 5.) Petitioner is a living adult and there was no mental or physical incapacity on the part of claimant which could have prevented compliance with the requirement of the statute that notice of claim be served personally or by registered mail within sixty days after the claim arose.

The fact that the city suffered no prejudice is immaterial. Service of the notice in the prescribed manner is by statute made a prerequisite to suit against the municipality and may not be waived. (*Brazill* v. *City of New York,* 264 App. Div. 763 [1st Dept., 1942], motions for leave to appeal denied, 289 N. Y. 851; *Teresta* v. *City of New York,* 277 App. Div. 787 [2d Dept., 1950]; *Meiner* v. *City of New York,* 262 App. Div. 970 [2d Dept., 1941], motion for leave to appeal denied, 287 N. Y. 855; *Matter of Martin* v. *School Board [Long Beach],* 301 N. Y. 233, [Desmond, J.]; *Matter of Moore* v. *City of New York,* 302 N. Y. 563.) As was stated by Pound, J., in *Ponsrok* v. *City of Yonkers* (254 N. Y. 91, 95): " The fact that the city has not been prejudiced is immaterial. The court may not exercise a dispensing power based on the principles of abstract justice fitting the particular case. It may only see that the require-

ments of the law are complied with." (See, also, *Thomann* v. *City of Rochester*, 256 N. Y. 165, 172.)

It is no part of the duty of the corporation counsel or of any other city official to advise claimants or their attorneys with respect to compliance or noncompliance with statutory provisions governing actions against the city. The court in *Purdy* v. *City of New York* (193 N. Y. 521, 524–525 [1908]) made the following pertinent observation: "It is further contended in behalf of the respondent that the retention of the notice by the city authorities without objection as to its sufficiency constitutes a waiver on its part of the right to rely upon the defects in the notice as a defense to the action. The statute imposes no active duty in this behalf upon the law officer of the city. It would doubtless have been an act of courtesy had he called attention to the defect in time to have enabled plaintiff, or his counsel, to have remedied the defect, but it would be going too far to hold that the failure to do so effected a waiver by the city of its right to object to the insufficiency of the notice. In *Forsyth* v. *City of Oswego* (191 N. Y. 441) the claim required to be filed by the plaintiff was defective in failing to state the time of the accident. There the written claim was not only retained without objection, but the claimant was examined by the city attorney before the claims committee of the common council. Although the facts there were much stronger for the plaintiff than the facts in the case at bar, we held that there was no waiver of the city's rights."

The order should be reversed and the motion denied.

PECK, P. J., DORE and McCURN, JJ., concur with VAN VOORHIS, J.; COHN, J., dissents and votes to reverse and deny the motion, in opinion.

Order modified so as to provide that petitioner's notice of claim has been properly given and, as so modified, affirmed, with $20 costs and printing disbursements to the respondent. Settle order on notice.