ANTONIO DALZIN, Landlord, *v.* DANIEL MEDVINSKY, Tenant.

Municipal Court of the City of New York, Borough of The Bronx, August 3, 1951.

*Lesser & Lesser* for landlord.

*Jacob Beller* for tenant.

LORETO, J. By this summary proceeding the landlord seeks rent in the sum of $90 for the month commencing July 1, 1951.

It appears that on the first day of July, 1951, an order of the local rent administrator, dated March 12, 1951, was in effect fixing the rental at $55. After the first day of July, 1951, and on July 2, 1951, an order was made by the State Rent Administrator after an appeal, as follows: " Ordered, that the order by the Local Rent Administrator issued March 12, 1951, be and

the same hereby is, revoked and that the order of the Local Rent Administrator issued January 5, 1951 be, and the same hereby is, reinstated ''.

It is the contention of the tenant that he was required to pay the sum of $55 on the first day of July, 1951, and not the sum of $90, because of section 32 of the Rent and Eviction Regulations of the Temporary State Housing Rent Commission, which provided as follows: '' *No retroactive adjustments.* No increase or decrease in maximum rent shall be effective prior to the date on which the order therefor is issued ''.

The court is of the opinion that that section does not apply to this situation.

The court agrees with the landlord's contention that the order made by the Temporary State Housing Rent Commission dated July 2, 1951, which revoked the order of the local rent administrator and reinstated the previous order of the local rent administrator of January 5, 1951, fixing the rent at $90 per month, does not effect a retroactive increase barred by that regulation.

The order of the Temporary State Housing Rent Commission was made on appeal from that of the local rent administrator. It constitutes a reversal of the latter's order dated March 12, 1951, and its revocation amounts to its annulment. It restores the rent to the lawful maximum as fixed before the erroneous order of the local administrator increased it. A distinction must be made between an order '' adjusting rents '' and an order of '' revocation ''. The latter made on appeal does not effect an adjustment of the rent.

And it cannot be said that an order of reversal, such as this, within the appeal framework of the Temporary State Housing Rent Commission, contravenes the afore-mentioned section 32 of the regulations. To avoid an unintended result a statute should be given a rational interpretation, consistent with achieving its purposes and with justice and common sense (*Surace* v. *Danna,* 248 N. Y. 18, 21; *Matter of Drake* v. *Comptroller of City of New York,* 278 App. Div. 317). It would be unreasonable to hold that the commission meant to nullify the beneficial corrective processes intended by the appeals allowed by the act and under the rent regulations (Parts VIII, IX and X entitled Procedures) as would follow by giving to section 32 thereof the interpretation suggested by the tenant.

The court accordingly finds the rent due for the month of July, 1951, to be $90 for which a final order and judgment is granted to the landlord. Five days' stay.