In the Matter of MARIE A. STALLONE, an Infant, by PETER STALLONE, Her Guardian ad Litem, et al., Petitioners, against Board of Education of the City of New York, Respondent.

Supreme Court, Special Term, Kings County, April 2, 1954.

*Joseph A. De Marco* for petitioners.

*Adrian P. Burke, Corporation Counsel* (*Helen C. Corbett* of counsel), for respondent.

WALSH, J. Claimants move to renew their motion for an order granting leave to present a claim to the board of education after the expiration of the statutory period or, in the alternative, for a declaration that the notice actually received by the board of education was timely received.

Upon the original motion in February, 1953, it appeared that a verified notice of claim was served upon the comptroller within the statutory period but that claimants had neglected to serve the board of education and that thereafter an examination of the claimants was conducted. The motion was denied because it was evident from the fact that a notice had been served that the failure to serve the board of education was not due to the infancy or mental or physical incapacity of the claimants. It now appears that on May 7, 1952 (a Wednesday), the comptroller forwarded the notice of claim by mail to the board of education. The last date to serve the claim was May 8, 1952. The board of education admits receipt of the claim but contends that it was not received by it until May 12, 1952 (a Monday). The affidavit of the secretary of the board of education makes the bare statement that the claim was received on May 12th. No evidentiary facts are furnished.

Under the facts disclosed on the present motion, the court is of the opinion that the service of the notice of claim was timely and that subdivision 3 of section 50-e of the General Municipal Law is applicable. (*See Zivyak* v. *Board of Education,* 282 App. Div. 704.)

Subdivision 3 of said section provides in part: " provided that if service of such notice be made within the period prescribed by this section, but in a manner not in compliance with the provisions of this subdivision, such service shall be deemed valid if such notice is actually received by such person, officer, agent, clerk or employee and such party against whom the claim is made shall cause the claimant or any other person interested in the claim to be examined in regard to such claim."

The words " within the period prescribed by this section " refer to the service of the notice. There are no words of limitation after the words " if such notice is actually received ". The portion of subdivision 3 quoted and the first part of the subdivision are in *pari materia* and should be construed together.

Submit order accordingly.