Edmund A. McCarthy, J.
This is a motion presented by the defendant for an order directing the entry of summary judgment in favor of the defendant and against the plaintiff and striking out the complaint of the plaintiff herein. This action was commenced on January 10,1958 by the service of a summons and verified complaint.
The complaint alleges that on or about October 11, 1957 at Herkimer, the Trio-Pontiac-Cadillac, Inc., of Herkimer, and the defendant Theodore John Manikas entered into a written, retail installment contract whereby the former agreed to sell and the defendant agreed to buy a 1951 super de luxe automobile, and the defendant agreed to pay for said automobile a total time sale price of $719.93 as a down payment and the remaining balance of $519.93 in 18 monthly installments, one of which was for $28.97 and 17 of which were for $28.88 each. First installment to be paid November 19, 1957 and subsequent payments on the 10th dáy of each consecutive month.
The automobile was delivered to the defendant Theodore John Manikas on October 11,1957 and the defendant defaulted in the payment of the first installment due on the contract Avhieli Avas due on the 10th day of November, 1957. Following the default the automobile was repossessed and resold by the plaintiff at public auction to the highest bidder for the sum of $200. Said resale was held following the period of 10 days after repossession and Avithin 30 days after repossession. Expenses of retaking and sale amounted to $25 leaving a balance due for collection of $344.93. Reasonable attorney’s fees for the collection of the deficiency Avere provided for in the contract being 15% of the amount due or $51.74, and the action demanded judgment for $396.67, besides costs. All of the- foregoing details are quoted from the plaintiff ’s complaint.
The defendant served his ansAver verified January 21, 1958, and in the first three numbered paragraphs in effect pleads a general denial. As a separate and complete defense he alleges that there was no doAvn payment or any agreement to pay a doAvn payment and that any provision to pay a down payment Avas not included in the paper signed by the defendant at the *673 time he signed it. He further alleges that the automobile was defective and in the state of disrepair which was well known to the seller. And for a second complete defense the defendant alleges that the plaintiff failed to give the required notice under the section of the Personal Property Law governing sale of personal property and repossession.
This motion is addressed principally and directly to the second complete defense and in his moving papers defendant alleges that the complaint has no merit and that the plaintiff has no good and sufficient cause of action under the Personal Property Law because of the fact that it failed to give 10 days’ notice either personally or by registered mail and because of such failure that the plaintiff has waived its right to any deficiency on the resale. The plaintiff’s answering affidavit contains an allegation that on December 12 written notice of sale was given to the defendant Theodore John Manikas by “ registered mail.” On the argument this allegation was corrected in open court and the plaintiff conceded that the notice was not given by registered mail but by certified mail and attached to the answering affidavit which is part of a cross motion under section 117 of the Civil Practice Act for an order pursuant to rule 113 of the Rules of Civil Practice and section 476 of the Civil Practice Act striking-out the defendant’s answer and for summary judgment in favor of the plaintiff and against the defendant.
As part of the moving papers there is a photostatic copy of a receipt for certified mail stamped and dated Mohawk, New York, December 12, 1957, also a return receipt for certified mail Number 884237. The receipt on the first line bears the name Theodore Manikas and on the second line Mary E. Donato, and delivery date is 12/13/57. Mary E. Donato made an affidavit which is attached to the plaintiff’s answering affidavit that she signed the return receipt on December 13, 1957, for a letter addressed to Theodore John Manikas who returned to the premises at 433 Main Street, Herkimer, New York later on that day and she saw him reading the letter which she had placed on the stairs for him. Section 79 of the Personal Property Law (art. 4, Uniform Conditional Sales Law) provides for the compulsory resale by the seller as follows: “ The seller shall give to the buyer not less than ten days’ written notice of sale, either personally or by registered mail, directed to the buyer at his last known place of business or residence.”
It is conceded by all of the parties hereto that whatever notice was given to the defendant Theodore John Manikas was given by certified mail and not personally or by registered mail so that the issue in this matter resolves itself into the simple *674 question, can certified mail be substituted for registered mail when the statute specifically provides for registered mail or personal service. The Uniform Conditional Sales Law is a creature of statute and all proceedings under such a statute must be made in full conformity with such statute. The proper service of notice of sale under section 79 of the Personal Property Law is a condition precedent to the recovery of a deficiency judgment against the defendant so it takes on some semblance of a “ process ” although it is not in and of itself a summons.
The fact that the notice was left on the stairs according to the affidavit of Mary Donato is not controlling as respects the rights to a deficiency judgment. (Commercial Credit Corp. v. Ornstein, 245 App. Div. 815.)
Certified mail was provided within the last few years as an economical way of mailing matter for which a receipt might be obtained.
It costs less than registered mail but it does not enjoy the same security or handling that registered mail receives. It is interesting to note in interpreting the intent of the Legislature that by the Laws of 1956 and 1957, the Agriculture and Markets Law (§ 174, subd. 5); the Alcoholic Beverage Control Law (§ 101-aa, subd. 6; the Election Law (§ 61, subd. 2, § 398); the Labor Law (§ 708, subd. 5); and the Lien Law (§ 189, subd. 1) were all amended to provide that various notices required by these respective laws and sections and subdivisions might be served by certified mail in addition to the usual requirements of registered mail or personal service. Apparently, all of these amendments received the approval of both houses of the Legislature and were signed by the Governor, at least they were not vetoed.
Chapter 50 of the Laws of 1957, permitting the sending of notice of denial or revocation of hunting, fishing, and trapping licenses by certified mail received the Governor’s approval in the following language:
‘ ‘ This is one of a series of bills which would create alternate methods of mailing by various departments of the state government. Three bills permitting the Department of State to forward legal process by Certified Mail to defendant corporations or associations have been disapproved. In those instances it is important for the Secretary of State to have positive record that the process is delivered to the proper parties. This bill does not deal with any process or court litigation and has the approval of the Department of Conservation.
“ This bill has been approved by the Conference of Mayors, New York State Conservation Council, Consumer Counsel and Associated Industries of New York State.”
*675 The Commissioner of Conservation wrote his approval to the Governor in the following message:
‘ ‘ Present law provides that the Department shall send a written notice to a person who has had his hunting and fishing license revoked informing him of the revocation and the terms thereof either by registered mail or by delivery personally by a representative of the Department. This bill would make it permissive also to send such notices of revocation by certified mail.
“ The Department believes that certified mail could be properly used to transmit notices of license revocation and that its use would result in savings to the State.” (1957 Legislative Annual, p. 473.)
Apparently, upon the foregoing recommendation the Governor approved this bill and it became part of the laws of the State of New York.
At the same session of the Legislature, that is the 1957 meeting, further consideration was given to the use of certified mail. The New York State Legislative Manual for 1957 at page 195 contains a memoranda of the Joint Legislative Committee on Interstate Cooperation which reads as follows: “ For a time consideration was given to the enactment of a single statute which would permit the use of certified mail in all instances where registered mail is now required. However, this approach was abandoned when it was realized that in a number of instances the purpose of the statute is to insure the contents or for some other reason than to provide proof of mailing or receipt. In order to separate the statutes in which the use of certified mail is appropriate from those in which it is not, the amendment of individual provisions of the law is necessary. The statute to be amended by this bill is one of those in which the purpose of the law can be achieved equally well by certified mail.”
It is to be noted that at no stage of these proceedings is section 79 of the Personal Property Law of the State of New York mentioned or considered.
Another interesting medium of determining the thought and intention of the Legislature will be found in a veto message of the Governor dated March 11, 1957 having to do with certified •mail for service of process. The bills under consideration pertained to section 217 of the General Corporation Law, section 25 of the Stock Corporation Law, and section 19 of the General Associations Law, respectively, to allow the Secretary of State to use certified mail as an alternative to registered mail when service of process has been made upon him in an action against a corporation or general association.
*676 In that message the Governor described the handling of certified mail as contrasted with registered mail. He also mentioned that the bills above referred to had been disapproved by the Association of the Bar of the City of New York, the New York County Lawyers Association, the Bronx County Lawyers Association, Commerce and Industry Association of New York and the Secretary of State.
The Association of the Bar of the City of New York had written its disapproval, ‘ ‘ because certified mail does not have the same safeguards as registered mail and should not be substituted in the service of process statutes. Moreover, since a Two Bollar fee is required in connection with service upon the Secretary of State under any of these statutes, the financial difference between certified mail and registered mail will not benefit the party instituting the service. ’ ’
The Secretary of State “ advised the governor that he had been advised by the postal authorities that while certified mail is less expensive than registered mail, experience has demonstrated that return receipts have not always been delivered to tlie person using certified mail.
“ In as much as the foregoing bills relate to the service of process against a corporation and association upon the Secretary of State, it is advisable that the Department of State have a record that the process was actually delivered to the corporation or association.”
Accordingly, by the veto message the Governor disapproved the use of certified mail as an alternative to registered mail.
Considerable research along this line of thinking fails to disclose any authority in New York State passing upon the interpretation of the statutes or the intent of the Legislature.
As has already been said it would appear quite significant that in none of the records quoted did the New York State Legislature make any attempt to substitute certified mail for registered mail in connection with section 79 of the Personal Property Law.
It would therefore seem that it must be the determination of this court that section 79 of the Personal Property Law must be followed strictly as intended by the Legislature by serving notice of sale either personally or by registered mail upon the buyer within the time specified by statute, and that no one, not even a court, let alone a banking institution or individual, may read into a statute words that would make it mean something that the very wording seems to omit. (Aronwald v. Sperber, 182 Misc. 736.)
*677 Even courts may not read into statutes what the Legislature obviously intended should he left out. (American Sur. Co. of N. Y. v. Town of Islip, 268 App. Div. 92.)
A court cannot amend a statute by inserting words that are not there. (Kennedy v. Nelson, 78 N. Y. S. 2d'211.)
A court cannot by implication supply in a statute a provision which it is reasonable to suppose the Legislature intended intentionally to omit. (Matter of Security Trust Co. of Rochester, 189 Misc. 748.)
Accordingly, the plaintiff’s cross motion for summary judgment under rule 113 of the Buies of Civil Practice and section 476 of the Civil Practice Act to strike out the defendant’s answer and for summary judgment in favor of the plaintiff is hereby denied.
The defendant’s motion for summary judgment in favor of the defendant and dismissing the complaint of the plaintiff is hereby granted for the reason that as a matter of law the plaintiff has not complied with the provisions of section 79 of the Personal Property Law of the State of New York in failing to give notice to the buyer either personally or by registered mail, because it would seem that under this statute certified mail may not be substituted for registered mail.
The defendant shall be entitled to motion costs in the sum of $10.
Prepare order accordingly.