Henry Epstein, J.
Plaintiff sustained injury on September 15,1958. Notice of claim was given by certified mail on October 27, 1958. It was timely, but the notice was not given by registered mail or personally, as required by section 50-e of the General Municipal Law. Issue was joined on February 6, 1959 and plaintiff was examined before trial, on May 29, 1959, but prior to institution of action and after service of the notice, the plaintiff, as claimant, was not examined.
The defendant now moves for summary judgment dismissing the complaint, upon its defense that the notice of claim was not made in accordance with statute — that it was made by certified mail and not by registered mail or personally. No claim is made otherwise of the defect of the notice of claim, and, therefore, of the complaint.
Plaintiff relies on Matter of Drake v. Comptroller of City of New York (278 App. Div. 317). There, the notice was mailed and admittedly received by the Comptroller, and thereafter there was an examination of the claimant. The disposition in favor of the claimant in that case was not based upon the fact that the claimant had been examined, but that the purpose of a notice is that it be received and that, if it is received, irregularity is dissolved and the notice must be considered to be sufficient. That is a May, 1951 decision. Effective July 1, 1951, subdivision 3 of section 50-e was amended so as to read as follows: “ The notice shall be served on the party against whom the claim is made by delivering the notice, or a copy thereof, personally, or by registered mail, to the person, officer, agent, cleric or employee, designated by law as a person to whom a summons in an action in the supreme court issued against such party may *919 be delivered; provided that if service of such notice be made within the period prescribed by this section, but in a manner not in compliance with the provisions of this subdivision, such service shall be deemed valid if such notice is actually received by such person, officer, agent, clerk or employee and such party against whom the claim is made shall cause the claimant or any other person interested in the claim to be examined in regard to such claim.” (Italics supplied.)
It will be noted that a ground for waiver having been provided, it would seem that other grounds of waiver are thereby excluded.
Section 50-e was again considered in 1956, when subdivision 6 was amended effective September 1, 1956, and it is as follows: “At or before the trial of an action or the hearing upon a special proceeding to which the provisions of this section are applicable, a mistake, omission, irregularity or defect made in good faith in the notice of claim required to be served by this section, not pertaining to the manner or time of service thereof, may be corrected, supplied or disregarded, as the case may be, in the discretion of the court, provided it shall appear that the other party was not prejudiced thereby. Application for such relief, if made before trial, shall be by motion, on affidavits. Failure to serve more than one copy may be corrected by such motion.” (Italics supplied.) Again, the manner and time of service are excepted from that provision for the correction of irregularities. Moreover, subdivision 3 was again considered that year and it was amended effective September 1, 1956, but solely to provide that the notice is served by the delivery of a copy “ in duplicate ”, personally or by registered mail.
The Legislature has considered many other statutes elsewhere in the law, pertaining to notice, and the subject was again treated in Oneida Nat. Bank & Trust Co. v. Manikas (10 Misc 2d 671). When the Oneida case arose, certified mail was then in use for a few years. Five years have now elapsed since the last consideration and amendment of section 50-e, and nothing is done with respect to certified mail. That manner of service was used in the Oneida case, which relates to section 79 of the Personal Property Law, and plaintiff urges that a statute which requires notice by registered mail or personally, in relation to a property right, should be followed more strictly than the kind of notice here involved. It is to be noted, as already observed, that the court in the Oneida case refers to the statutes in the Agriculture and Markets Law, the Alcoholic Beverage Control Law, and notice with respect to hunting, fishing and trapping *920 licenses, as to which, by chapter 50 of the Laws of 1957, certified mail was adopted and approved. There are many other references in the opinion to the question. Motion by defendant for summary judgment is denied.