WILLIAM PERL, Plaintiff, *v.* NEW YORK CITY HOUSING AUTHORITY et al., Defendants.

Supreme Court, Special Term, New York County, April 12, 1962.

*Wittenberg, Carrington & Farnsworth (Irving Like* of counsel), for plaintiff. *Irving Segal* and *William Paul Last* for New York City Housing Authority, defendant. *Leo A. Larkin, Corporation Counsel,* for City of New York, defendant.

Matthew M. Levy, J. The accident involved in this suit occurred on October 13, 1958. Notice of claim (General Municipal Law, § 50-e) was sent by certified mail and it was received on November 17, 1958. The notice was not rejected, nor notice given that it was defective, or that the means of transmission was ineffective. Suit was instituted by the plaintiff, and he was subsequently examined before trial by the defendants. (Civ. Prac. Act, § 288.)

This is an application by the defendant New York City Housing Authority for summary judgment dismissing the complaint. The motion is based on its defense, affirmatively pleaded in its answer, that the notice of claim was not filed in compliance with section 50-e of the General Municipal Law. That statute requires such notice to be given by service personally or by registered mail. The sole question before me is whether service by certified mail — timely made and received by the proper party — will suffice.

· In *Appeal Printing Co.* v. *Sherman* (99 App. Div. 533) where the mailing was not fully " post-paid " as required by the statute there involved, the court said (p. 534) : " The test in determining whether the service by mail in particular cases suffices is whether or not the papers actually came into the hands of the attorney for the adverse party. If by reason of the presence of a return card on the envelope (*Gaffney* v. *Bigelow*, 2 Abb. N. C. 311; *Manchester* v. *Van Brunt*, 2 Misc. Rep. 228) or if by reason of shortage of postage the papers do not actually come into the possession of the party upon whom it is sought to serve them, there is no service. But if such causes do not, in fact, prevent the actual receipt of the papers, they become immaterial defects and do not invalidate the service. (*Clark* v. *M'Farland*, 10 Wend. 634.) "

In *Matter of Drake* v. *Comptroller of the City of N. Y.* (278 App. Div. 317) section 50-e of the General Municipal Law was involved. The notice was mailed by ordinary mail, and not registered, as required by the statute. The notice was admittedly

received by the City Comptroller, who caused the petitioner to be examined regarding the facts of her claim. The majority of the court held that the filing of the claim within the time limited by the statute — notwithstanding the manner of service — was adequate, and that the petitioner's omission to forward it by registered mail should be disregarded under the circumstances of the case.

In *Teresta* v. *City of New York* (304 N. Y. 440) plaintiff also served a timely notice of claim by ordinary mail, and, prior to the expiration of the statutory period for serving such notice, defendant notified plaintiff to appear for examination and the examination was held. The court said (pp. 442–443):

" Since the city neither returned the notice, nor at any time objected to the manner in which it had been served until after the commencement of the trial, the statutory requirement of personal service or notification by registered letter must be deemed to have been fully and effectively waived by the city. * * * The prime, if not the sole, objective of the notice requirements of such a statute is to assure the city an adequate opportunity to investigate the circumstances surrounding the accident and to explore the merits of the claim while information is still readily available. * * * That end is certainly not frustrated by permitting the city to accept timely notification by ordinary mail in lieu of the other methods prescribed by section 50-e.

" Instead of returning the regularly mailed notice — which would have given plaintiff an opportunity to serve it properly well within the statutory period — or simply ignoring it, an executive officer of the city actually informed plaintiff that his notice had been received and then proceeded to hold an examination in connection with the claim. Thus, present here, in addition to an unequivocal waiver, are elements of estoppel as well."

It has not escaped my notice that subdivision 3 of section 50-e of the General Municipal Law provides in part " that if service of such notice be made within the period prescribed by this section, but in a manner not in compliance with the provisions of this subdivision, such service shall be deemed valid if such notice is actually received by such person, officer, agent, clerk or employee and such party against whom the claim is made shall cause the claimant or any other person interested in the claim to be examined in regard to such claim ".

I recognize, too, that defendant conducted an examination upon the claim in *Teresta*, as distinguished from the postsuit pretrial examination of the plaintiff held by the defendants in

the case at bar (see *Quinn* v. *City of New York,* 25 Misc 2d 116, 118). But I do not believe that the absence of the postclaim preaction examination is conclusive. (*Cf. Boettner* v. *Village of Mamaroneck,* 123 N. Y. S. 2d 849.)

In *Matter of Stalone* v. *Board of Educ. of the City of N. Y.* (205 Misc. 697) the notice had been served on the Comptroller, not the proper person, and by that office forwarded to the Board of Education, the proper party, but the latter was in receipt of the notice after the time for service of the notice had expired. Of this situation, the court stated (p. 698) in considering subdivision 3: " The words ' within the period prescribed by this section ' refer to the service of the notice. There are no words of limitation after the words ' if such notice is actually received '."

In that case, there was not a timely service, but, rather, a receipt of the notice after expiration of the time, and also, thereafter, there was an examination of the plaintiff. Such examination was the requisite factor by virtue of which the untimely service was allowed to stand. In the case at bar, on the other hand, the factor of examination of the plaintiff is not present, but what does come into play are the facts that there was a timely service, that there was a timely receipt, that the purpose of registered mail was accomplished, that there was no objection, that there was adequate time within which to correct the defect and overcome the objection had it been expressed, and that no prejudice resulted to the defendant. In my view, in the circumstances of this case, the movant does not now have just cause for complaint.

It may be argued in support of the defendant's contention that there are numerous situations in the Consolidated Laws requiring the giving of notice, and that there have, in several instances, been amendments changing the requirement of service to include certified mail, and that as yet there has been no such change in section 50-e. Some time ago, there was an up-State *nisi prius* decision in which there were reviewed all such amendments in the Consolidated Laws, by which service by certified mail rather than registered mail was permitted, and it was held that, since there had been no amendment of section 50-e, service by certified mail, even though otherwise timely and proper, was not a service in the manner required by the provisions of that section (*Oneida Nat. Bank & Trust Co. of Utica* v. *Manikas,* 10 Misc 2d 671).

I do not go along with that strict construction, although, as was pointed out in *Freeman* v. *New York City Housing Auth.*

(30 Misc 2d 918, 919), certified mail was — when the *Oneida* case arose — in use but a few years, and that is the situation here as well. Since then, this type of postoffice transmission has become more widely known and more popularly used, particularly when the mailing is of a paper or document not having intrinsic monetary value which would warrant insurance coverage afforded by registered mail. No question is now raised as to the efficacy even then of the normal assurance of delivery in the use of certified mail. And, it is worthy of note that, in the light of the recent increase in volume of the public use of certified mail, the Congress of the United States enacted a statute providing that " Return receipts for the delivery of certified mail which is utilized under any provision of law shall be received in the courts as prima facie evidence of delivery to the same extent as return receipts for registered mail.'' (U. S. Pub. L. 86–507, Sec. 2, June 11, 1960, 74 U. S. Stat. 204.)

The operative factors, as I conceive them to be in the development of the law on this subject, are the indisputable facts that the notice of claim here reached the appropriate party long before the expiration of the statutory time limit and that it was not rejected directly or indirectly. Had that been done, the plaintiff would have been afforded ample time, within the 90-day period provided in the statute, to correct the manner of service. The purpose of the requirement of registered mail is that there be governmental — as distinguished from personal — proof of mailing and of delivery and thereby proof of receipt. Such purpose is equally satisfied when there is proof of mailing by certified mail, and there has been receipt of the notice of claim, and where such service has been made on the proper official and in time. Accordingly, the defendant's motion for summary judgment dismissing the complaint is denied.

The defendant has moved in the alternative that, if its motion for summary judgment in its favor be denied, it be granted a separate trial on the issue of its affirmative defense that plaintiff failed to comply with section 50-e. It seems to me that the defense is either good or bad and, accordingly, the motion-in-chief should be either granted or denied. Obviously, if summary judgment is withheld — as it has been — the defense will not avail the defendant, even on trial. For, in any circumstance, there is nothing to be tried concerning the defense, since the facts are conceded and they present only a question of law, which, so far as I am concerned, has been resolved against the defendant. Consequently, the motion should be and is denied in respect as well of the alternative relief requested.