Seymour Schwartz, J.
Plaintiff, Josephine M. Adkins, seeks to recover damages against the City of New York for personal injuries and property damage sustained in a collision between a sanitation truck owned by the City of New York and her automobile.
Defendant, City of New York, moves on the eve of trial in open court to dismiss plaintiff’s case for failure to comply with section 50-e of the General Municipal Law which requires that a notice of claim be served upon the City of New York within 90 days of an accident personally or by registered mail as a condition precedent to bringing an action against a municipal corporation.
The relevant facts, viewed as they must in a manner most favorable to plaintiff, are that claimant served a notice of claim by mailing it to defendant by ordinary mail on February 10, 1970, the ninetieth day after the accident. Defendant, City of New York, received the notice of claim on February 16, 1970 but made no objection to the notice. On January 20, *318 1971, pursuant to notification, claimant was examined by the City of New York. On February 8, 1971, plaintiff Adkins commenced this lawsuit.
Defendant now for the first time raises the issue of the timeliness of the notice of claim, and this is the sole issue now before this court.
In view of the restrictive burden imposed upon plaintiff, many courts have attempted to avoid the harsh provisions of 50-e. Relying on the language of 50-e itself, the registered mail requirement, has been interpreted liberally. The statute provides: "If service of such notice be made within the period prescribed by this section, but in a manner not in compliance with the provisions of this subdivision, such service shall be deemed valid if such notice is actually received by such person, officer, agent, clerk or employee and such party against whom the claim is made shall cause the claimant or any other person interested in the claim to be examined in regard to such claim.”
Service by ordinary mail or certified mail, so long as such notice is actually received, has been deemed valid. (Matter of Drake v Comptroller of the City of New York, 278 App Div 317; Perl v New York City Housing Auth, 35 Misc 2d 92; Teresta v City of New York, 304 NY 440.) In those cases the courts decided that the scheduling of hearings, as in the instant case, together with failure to notify claimants of inadequate service, operated as a waiver of the right to object to the defect, particularly on the eve of trial.
The court is not unmindful that in those cases it appears that notice was sent and received within the 90-day period whereas in the instant case notice was sent but not received within 90 days. However, notice sent by registered mail on the ninetieth day clearly complies with 50-e whereas it too might well be delayed six days, since as heré a holiday and a weekend intervened. In these circumstances the City of New York cannot show how service by ordinary mail has prejudiced it.
In Matter of Stallone v Board of Educ. of City of New York (205 Misc 697) notice was served upon the comptroller rather than the proper party, the board of education. The comptroller’s office forwarded the letter by ordinary mail to the board of education. Although the letter reached the comptroller within the statutory period, it did not reach the board of education until several days after the expiration of the 90-day *319 period. The court nevertheless held that timely mailing together with actual receipt constituted compliance with 50-e, noting that while the words "service of the notice,” were limited by the words "within the period prescribed” the words "actually received” were not.
The court holds that plaintiff has complied with section 50-e of the General Municipal Law by mailing the notice of claim on the ninetieth day by ordinary mail. This of course does not relieve plaintiff of her burden of proving at trial when the notice of claim was actually mailed and in the manner claimed.