IRVIN L. KAMILLE, Plaintiff, v. HOME FIRE AND MARINE INSURANCE COMPANY OF CALIFORNIA, Defendant.

Supreme Court, New York County, June 17, 1925.

Insurance — automobile theft insurance — policy provided that cancellation notice mailed to address of assured should be sufficient notice of cancellation — envelope had printed on its face " Personal receipt of addressee required "— cancellation notice mailed did not comply with policy — plaintiff, who never received notice, is entitled to recover.

In this action to recover under an automobile theft insurance policy which provides that the mailing of a notice of cancellation to the address of the assured shall be sufficient notice of cancellation of the policy, a notice mailed in an envelope which had printed on the face thereof " Personal receipt of addressee required," did not comply with the provisions of the policy and, therefore, said policy was in force at the time of the theft of plaintiff's automobile, and plaintiff is entitled to recover thereon where the proof shows that he never received actual notice of cancellation.

ACTION to recover under automobile theft insurance policy.

*Samuel Stark,* for the plaintiff.

*Leo Levy* [*R. W. MacKewan* of counsel], for the defendant.

MAHONEY, J.   Plaintiff claims $2,800 damages against defendant under a policy of theft insurance issued by defendant to plaintiff. Plaintiff's automobile apparently was stolen on July 21, 1922, and notice thereof, followed by proof of loss, was duly given to the defendant.   Defendant rejected plaintiff's claim and disclaimed liability for loss on the ground that the said policy of insurance was canceled the month previous, viz., on June 27, 1922, by a notice of cancellation mailed, registered, June 22, 1922.   Defendant, therefore, claims that the policy was not in effect at the time of plaintiff's loss, nor at the time of receipt by defendant of plaintiff's notice of loss.

The facts in the case are stipulated, and there, therefore, is no question about the facts.   Defendant's defense to the claim is based upon the cancellation clause of the policy, which provides as follows:

*"Cancellation.*— This policy shall be canceled at any time at the request of the assured, in which case the company shall, upon demand and surrender of this policy, refund the excess of paid premium above the customary short rate premium for the unexpired term.   This policy may be canceled at any time by the company by giving to the assured five (5) days' written notice of cancellation, with or without tender of the excess of paid premium, above the *pro rata* premium for the unexpired term, which excess, if any, shall be refunded on demand.   Notice of cancellation shall state that said excess premium (if not tendered) will be refunded on demand.   Notice of cancellation, mailed to the address of the assured stated in the policy, shall be a sufficient notice."

The cancellation clause is quoted on page 4 and at the top of page 5 of defendant's brief.   The plaintiff admits that on June 22, 1922, the defendant duly and properly mailed to the plaintiff at No. 1750 Fifty-seventh street, borough of Brooklyn, a due notice of cancellation of said policy as provided for by the terms of said policy; said cancellation notice reading as follows:

" HOME FIRE & MARINE INSURANCE COMPANY OF CALIFORNIA,
          "Automobile Branch, Eastern Department.
               " Notice of Cancellation.

  " Mr. IRVIN L. KAMILLE,
          " 1750 Fifty-Seventh Street, Brooklyn, N. Y.

  " DEAR SIR.— The Home Fire & Marine Insurance Company of California hereby gives you notice that its automobile policy No. 55858, issued through its New York City agency to Irvin L. Kamille on 1921 Lexington automobile, is hereby canceled in accordance with the printed conditions thereof, to take effect in five days after date of this notice, at which time all liability of said company

thereunder will cease and terminate.  The unearned premium due if any will be refunded on demand.  Kindly return the policy to the address below.

"Dated at New York City this 22d day of June, 1922.

"GREENE & GOETSCHIUS, INC., *General Agents,*

"83 Maiden Lane, N. Y. City,

"By registered mail.  D. M."    "By ——————— *Secretary.*

In the written stipulation, the plaintiff admits:

"(5) That the said notice of cancellation, mailed as hereinbefore stated, reached the Brooklyn post office (as appears from the postmark thereon) on the 22d of June, 1922; that the notations made by the United States postal authorities on the notice of cancellation herewith offered in evidence indicate that said notice was unclaimed by Kamille; that efforts were made to deliver said notice to Kamille by the postman, and that at least two notices were sent from the post office in Brooklyn to Kamille to claim the letter, failing in which the post office authorities returned the notice as unclaimed to the defendant, the said notice leaving Brooklyn on the 18th of July, and being received at the office of the defendant in the morning of the 19th of July."

The plaintiff, however, now claims that, in view of the fact that he never received any actual notice of cancellation, the policy was in full force and effect at the date of his loss and that he is, therefore, entitled to judgment.  He further points out that upon the outside of the envelope which was addressed to him by the defendant, containing the notice of cancellation, the following printed notice appeared: "Personal receipt of addressee required"— and that by reason of the envelope containing such printed notice there never was mailed to plaintiff the notice of cancellation provided for in the policy.

Plaintiff claims that the mode of mailing the notice was insufficient in that the postal carrier was obliged to return the original notice to defendant for failure to obtain the personal signature of the plaintiff, to whom the notice was addressed.  It would appear to me that, but for the printed notice, viz., "Personal receipt of addressee required," printed on the face of the envelope addressed to the plaintiff, defendant would be entitled to judgment.  It does indeed seem, however, that the notice of cancellation did not permit or authorize the mailing of an envelope to the plaintiff bearing the written notice in question.  Such written notice simply meant that, if the addressee was not present at the time the postman called, the envelope containing the notice of cancellation could not be left at plaintiff's address.  In this particular case, it is

apparent that there exists no presumption of actual receipt of the notice of cancellation by reason of the mailing of the letter in the manner above described.

If the letter had been left at plaintiff's address, the same might have been called for by the plaintiff at some time, or the letter might have been forwarded to him, wherever he might reside. In other words, the written notice in question appearing on the envelope provided for a delivery of the letter only in case the addressee was found to personally receipt for the same. I am of the opinion, therefore, that the notice of cancellation was not mailed in the manner required by the cancellation clause of the policy.

For these reasons, a verdict is directed in favor of the plaintiff for the amount claimed and interest.