GEORGE H. FIELDS, Plaintiff, *v.* WESTERN MILLERS MUTUAL FIRE INSURANCE Co., Defendant.

Supreme Court, Special Term, Broome County, August 29, 1944.

*Norman M. Pinsky* and *Harry Kantor* for plaintiff.

*C. Addison Keeler* for defendant.

Deyo, J. This is an action to recover on two fire insurance policies, which was tried before the Honorable Andrew J. McNaught and a jury on May 26 and 27, 1943. At the close of the evidence counsel for the defendant moved for a nonsuit and a dismissal of the complaint and for a directed verdict of no cause of action. Plaintiff also moved for a directed verdict in his favor, whereupon the court excused the jury and reserved decision upon the motions. Subsequently, the trial justice died without having made any decision on the issues involved. By stipulation the matter has been referred to me for my decision upon the typewritten record and exhibits.

Two questions of law are presented. First, had the policies been effectively canceled by the defendant prior to June 2, 1941, when the fire loss occurred; and, second, did the plaintiff adequately prove the service of due and proper proofs of loss?

On the question of cancellation, the policies in question contained a clause which provided in part: " This policy may be cancelled at any time by this Company by giving to the Assured five (5) days' written notice of cancellation with or without tender of the excess of paid premium above the pro-rata premium for the expired term, which excess, if not tendered, shall be refunded on demand. Notice of cancellation shall state that said excess premium, if not tendered, will be refunded on demand. Notice of cancellation mailed to the address of the Assured stated in this policy shall be a sufficient notice. * * * ''

Under date of May 9, 1941, the defendant caused a notice of cancellation to be sent to the plaintiff at the address stated in the policy, by registered mail, return receipt requested. This notice was never received, and the plaintiff claims it was not sufficient to work a cancellation. The question is a narrow one which apparently has never before been squarely passed upon in this State. From the cases which have touched upon somewhat similar situations, however, it seems to be a rule that where a sender by some affirmative act, controls the circumstances of actual delivery to the addressee, and by such act prevents actual delivery, the requirement of mailing is not complied with. Here, it is true the defendant did in a certain sense seek to control the circumstances of the delivery, in that he sought insofar as possible to be sure that the cancellation notice reached the proper party. On the other hand, however, there is no evidence that this additional safeguard which was attempted prevented delivery. In the decisions which have held that registered mail was not a mailing within the intent and meaning of similar contractual or statutory requirements, this element has been present.

In *Kamille* v. *Home Fire & Marine Insurance Co.* (129 Misc. 536) the *personal* receipt of the addressee was required, which the postal authorities were unable to obtain, despite repeated attempts. The court held that the cancellation clause of the policy was not complied with by such a mailing. (See, also, *Werner* v. *Commonwealth Casualty Co.*, 9 N. J. Mis. Rep. 963, affd. 109 N. J. L. 119; *Fidelity & Casualty Co.* v. *Riley*, 168 Md. 430.) In *Price* v. *City of New York* (104 App. Div. 198, motion to dismiss appeal granted 182 N. Y. 516) the contract called for a "written notice mailed." The notice was sent by registered mail addressed to Mr. E. Y. Price instead of Edith Y. Price. Proof was offered that Edith Y. Price went to the post office and attempted to get the letter, but that the authorities refused to deliver it to her. The court held that the failure of delivery was occasioned by the affirmative action of the sender in its form of addressing the letter and by registering it, and that the mailing thereof was not a compliance with the contract. Here again, however, it was affirmatively shown that the act of the sender prevented delivery of the notice.

*Buffalo Cadillac Corporation* v. *Eisele* (148 Misc. 592) concerned a provision of the Personal Property Law which required service by registered mail. The envelope bore the additional direction that the letter should be returned within five days. The letter was presented at the addressee's residence during his

absence, to an adult person who refused to sign for it, saying the addressee was out of the city. A notice that the letter was at the substation was left at the addressee's residence. Subsequently the letter was returned, in compliance with the five day return, instead of being held ten days, as provided by the postal regulations. The court held that the request for a return within five days did not constitute a restriction on the delivery of the letter, but added at page 595: "If such limitation had been the cause of the non-delivery, then apparently the use of such limited card of return would not have been a compliance with the provisions of section 79 of the Personal Property Law." (See, also, *American Auto. Ins. Co. v. Watte,* 12 Ala. App. 518; *Irish v. Monitor Insurance Co.,* 264 Mich. 586.)

In *Matter of Saffold v. Fellows* (128 Misc. 422) an undertaking on an appeal was sent by registered mail. The addressee, an attorney, with full knowledge of the contents of the letter, refused to sign the receipt, whereupon the letter was returned to the sender. The lower court held that no valid service of the undertaking had been effected. The appellate court, however (219 App. Div. 865), refused to take this narrow view of the matter and stated: "Registration is intended to insure delivery. It would be unduly technical at this date to hold a service invalid when made through the post office by the means especially designed to insure delivery and when the instrument actually reached its destination, although receipts had to be signed, when a mere posting of the notice, enclosed in a sealed wrapper, properly addressed, and with postage prepaid, but sent by ordinary mail, would be sufficient, even though the notice were in fact lost before delivery."

In the case at bar the sender has done all and even more than was necessary in an attempt to insure delivery of the cancellation notice. If the addressee had been able to show, as was done in the cases above cited, that this extra precaution prevented him from receiving the notice, the situation would be entirely different. Such is not the case, however, and under the circumstances herein presented, I hold that the mailing by registered mail was, as a matter of law, a compliance with the contractual provision.

The plaintiff also contends that the notice of cancellation was ineffective because it failed to state "that said excess premium, if not tendered, will be refunded on demand" as required by the policy. The difficulty with this argument is that there was no excess premium and, in fact, the plaintiff had not paid enough to cover the period which had already expired. Not being

entitled to any refund, any such statement in the notice would be surplusage and meaningless. I cannot agree with the plaintiff's argument that since the defendant's agent, Olver, had remitted the premium in full to the insurer, such remittance constituted a payment insofar as the plaintiff was concerned. Olver was not in privity with the plaintiff. He was in no sense his agent. In fact, they were utter strangers dealing through a third party, McCreery, who acted as broker. Olver's remittance to his principal was a mere matter of accounting between them, carried on without the knowledge of the plaintiff insofar as we are aware, and without any agreement, express or implied, in relation to the matter. Under such circumstances no payment for the benefit of the plaintiff can be spelled out. (*Van Wert v. St. Paul Fire & Marine Ins. Co.*, 90 Hun 465, 467; *Northam v. International Insurance Co.*, 45 App. Div. 177, 184; *Durnin v. Ætna Life Insurance Co.*, 228 App. Div. 428, 431.)

It appearing, therefore, to my satisfaction, and I having found that the policies in question were effectively canceled as of May 14, 1941, and were not in effect at the time of the fire on June 2, 1941, it is unnecessary to consider the question of the sufficiency of the proofs of loss.

The plaintiff's motion for judgment in his favor will, therefore, be denied, and the defendant's motion for a directed verdict of no cause of action will be granted, together with the taxable costs and disbursements of this action.