SERVES ET AL., APPELLEES, *v.* EUREKA CASUALTY CO., APPELLANT.

(No. 4698—Decided June 26, 1957.)

*Messrs. Burroughs, Gillen & Allan,* for appellees.
*Messrs. Beery, Underwood, Ryder, Kroeger & Verde,* for appellant.

STEVENS, J. The action filed in the Court of Common Pleas was upon a policy of insurance titled "Mercantile Burglary, Robbery, Fraud Policy," issued to plaintiffs by defendant, seeking recovery because of a robbery which allegedly occurred within the term of the policy.

The defense was cancellation of the policy by mailing a notice of cancellation to plaintiffs, at the address specified in the policy, before the loss by robbery occurred.

The policy in question provided (under paragraph 10 of "General Conditions") :

" * * * This policy may be canceled by the company *by five days' written notice mailed to the insured* at the post office address or at the premises specified in Item I of the declarations *stating when thereafter such cancellation shall be effective* and the company shall refund the excess of premium paid by the insured above the pro rata premium for the expired term. Cancellation shall be without prejudice to any claim originating prior to such effective date. Delivery of such written notice * * * by the company shall be equivalent to mailing and whether

such notice shall be mailed or delivered the insurance under this policy shall end on the effective date and hour of cancellation stated in the notice. The check of the company or its representative similarly mailed or delivered shall be a sufficient tender of any unearned premium * * *." (Italics ours.)

The mailing by defendant company of a written notice of cancellation to the address of plaintiffs, shown in the policy, was stipulated, but receipt of that notice was denied by plaintiffs.

The court charged:

"The court charges you since the notice of cancellation was duly placed in the mail for delivery to the plaintiffs, there is a presumption in law that the plaintiffs received this notice. However, this presumption is a rebuttable one, so that even though the defendant company did mail the notice of cancellation, yet if the plaintiffs overcome this presumption of delivery by evidence of at least equal weight, then you will say the plaintiffs did not receive this notice of cancellation.

"If you find that the plaintiffs did receive this notice of cancellation by reason of the presumption of delivery not being rebutted, your verdict will be for the defendant company; but if you find the plaintiffs' evidence removed the presumption of delivery of the cancellation notice, then you will say such was not delivered and your verdict will be for the plaintiffs, in a sum that you find they have proved by the greater weight of the evidence that was stolen from them, but your verdict will not be for a greater sum than $2,000, the full face value of the insurance coverage. However, it may be in a lesser amount as you find from the evidence, but in either event it will bear interest at the rate of six per cent from August 16, 1955."

The jury, upon submission of the case to it, returned a verdict for plaintiffs for $2,000 and interest.

This appeal on questions of law presents many assignments of error, only two of which will be discussed, viz.:

"6. That the court erred in instructing the jury that the notice of cancellation had to be received by the plaintiffs in order for the cancellation to be effective."

"5. That the court erred in the receiving of evidence to establish the amount of the robbery loss."

In a consideration of the sixth assignment of error, it must be borne in mind that the general rule of construction of the provisions of a policy of insurance has been stated by the Supreme Court of Ohio in *Gibbons* v. *Metropolitan Life Ins. Co.,* 135 Ohio St., 481, at p. 486, 21 N. E. (2d), 588, as follows:

"It is generally held that insurance policies should be given a liberal construction in favor of the insured."

The policy states that the company may cancel "by five days' written notice mailed to the insured \* \* \* stating when thereafter such cancellation shall be effective \* \* \*."

It is thus apparent that the parties to the contract never intended that the mere mailing of a notice of cancellation should accomplish a cancellation of the policy, for the contract provides for "five days' written notice."

There is no provision in this contract that the mailing of a notice of cancellation to the address of the insured is the equivalent of actual notice to the insured.

If the insured is to have five days' written notice of cancellation by the company, it follows that, for the insured to have such five days' notice, he must receive the notice of cancellation.

"Notice" is defined in the Oxford English Dictionary as "1. Intimation, information, intelligence, warning."

Under none of the foregoing terms could notice be accomplished without such notice being actually brought to the attention of the one entitled thereto.

Under the wording of the cancellation clause above set forth, and following the Ohio rule of liberal construction in favor of the insured, we conclude that receipt of the company's notice of cancellation by the insured was a condition precedent to cancellation. See: 6 Couch, Cyclopedia of Insurance Law, Section 1440.

It follows, therefore, that the court did not err in instructing the jury that the notice of cancellation had to be received by the plaintiffs in order for the cancellation to be effective.

Under specification of error No. 5, the policy provided that "the company shall make no payment unless the amount of the loss can be accurately determined by the company from the insured's records."

It will be observed that the policy, as above set out, does not require proof from business records but from "insured's records." One of the insureds' records was a bank book of Sam Serves, showing deposits and withdrawals. From that, and the testimony of the insureds, the amount of the loss was established to the satisfaction of the jury, as at least the face amount of the policy.

We are of the opinion that the evidence admitted on the subject of amount of loss was properly admitted, and that the conclusion of the jury thereon was not manifestly against the weight of the evidence.

As to the other errors assigned, we find none of them to present matters of prejudicial character, warranting a reversal of this judgment.

In our opinion, substantial justice has been accomplished herein, and the judgment will be accordingly affirmed.

*Judgment affirmed.*

HUNSICKER, P. J., and DOYLE, J., concur.