RAPTIS *v.* SAFEGUARD INSURANCE COMPANY.

OPINION OF THE COURT.

1. INSURANCE—CONTRACT OF INSURANCE—LANGUAGE REQUIRED BY STATUTE.

Mandatory statutory provisions are read into insurance contracts containing language at variance with that prescribed by statute.

2. SAME—AUTOMOBILE INSURANCE—CANCELLATION OF POLICY—NOTICE TO INSURED.

A policy of insurance on an automobile may be cancelled by the insurer by mailing to the insured at his address last known to the insurer, with postage fully prepaid, a 10 days' written notice of cancellation (CLS 1961, § 500.3020).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur, Insurance § 274.
[2] 29 Am Jur, Insurance §§ 382–384, 386.
[3] 50 Am Jur, Statutes §§ 217, 238.
[4] 29 Am Jur, Insurance §§ 385, 386.
Actual receipt of cancellation notice mailed by insurer as prerequisite to cancellation of insurance, 64 ALR2d 982.
[5] 29 Am Jur, Insurance §§ 382, 383, 385, 386.
[6] 29 Am Jur, Insurance § 384.
[7, 9, 10] 29 Am Jur 2d, Evidence § 194; 29 Am Jur, Insurance §§ 385, 386.
[8] 29 Am Jur, Insurance § 387.
[11] 29 Am Jur, Insurance § 382.

3. STATUTES—CONSTRUCTION.

All words and phrases in statutes are to be construed according to common and approved usage of the language (CLS 1961, § 8.3a).

4. WORDS AND PHRASES—INSURANCE—CANCELLATION OF POLICY—REQUIRED NOTIFICATION.

The word "mailing" means prepared for transmission in the due course of mail and placed in the custody of the officer charged with the duty of forwarding the mail and it does not mean receipt of the mailed matter.

5. INSURANCE—CANCELLATION OF POLICY—NOTICE—ACTUAL NOTICE.

The statutory scheme for cancelling an automobile insurance policy by mailing a notice of cancellation to the insured at his last known address does not require actual notice to an insured to cancel an insurance policy on an automobile effectively (CLS 1961, § 500.3020).

6. SAME—CANCELLATION OF POLICY—REQUIRED NOTICE—TIME.

The 10 days' notice to the insured required by statute before cancellation of an insurance policy on an automobile by the insurer begins to run on the date the notice is mailed (CLS 1961, § 500.3020).

7. SAME—CANCELLATION OF POLICY—REQUIRED NOTICE—EVIDENCE.

*Prima facie* proof is made that notice of cancellation of an insurance policy on an automobile was received by the insured when the insurer establishes that he mailed notice of cancellation, and the insurer is entitled to rely on this presumption until it is rebutted by competent evidence (CLS 1961, § 500.3020).

8. SAME—CANCELLATION OF POLICY—REQUIRED NOTICE—EFFECTIVENESS OF NOTICE.

A notice of cancellation of a policy of automobile insurance is not rendered ineffective by the use of registered mail instead of regular mail unless it is shown that the use of registered mail kept the insured from receiving notice.

DISSENTING OPINION.
LEVIN, J.

9. INSURANCE—AUTOMOBILE INSURANCE—NOTICE OF CANCELLATION.

*Mailing by the insurer of notice of cancellation of a policy of automobile insurance is merely* prima facie *proof of notice*

*but does not change the requirement that actual notice must be received by the insured before the policy can be effectively cancelled (CLS 1961, § 500.3020).*

10. SAME—AUTOMOBILE INSURANCE—NOTICE OF CANCELLATION—ACTUAL NOTICE.

*Delivery by an insurer of notice of cancellation of a policy of automobile insurance to a policyholder's spouse or at his last known address is not notice to the policyholder himself (CLS 1961, § 500.3020).*

11. SAME—AUTOMOBILE INSURANCE—NOTICE OF CANCELLATION —PURPOSE OF REQUIREMENT—ACTUAL NOTICE.

*The purpose of the statutory requirement that an automobile insurer give the insured 10 days' notice before cancelling a policy is to give the insured the opportunity to obtain other insurance, and this purpose is not effectuated if actual notice is not required (CLS 1961, § 500.3020).*

Appeal from Wayne, Moynihan (Joseph A.), J. Submitted Division 1 February 5, 1968, at Detroit. (Docket No. 3,519.) Decided September 4, 1968. Application for leave to appeal dismissed by Supreme Court November 20, 1968.

Complaint by George Raptis, administrator of the estate of Constantinos Bratsis, deceased, against Safeguard Insurance Company, a foreign corporation, and the Buckeye Union Casualty Company, a foreign corporation, for a declaratory judgment determining liability under policies of automobile insurance for death of plaintiff's decedent. Plaintiff's motion for summary judgment against defendant Safeguard granted. Defendant Buckeye's motion for summary judgment against plaintiff granted. Defendant Safeguard appeals the judgment granted to plaintiff against it. Plaintiff appeals the summary judgment granted Buckeye against him. Affirmed.

*Markle & Markle,* for plaintiff.

*Ward, Plunkett, Cooney, Rutt & Peacock (David J. Watters, Jr.,* of counsel), for defendant Safeguard Insurance Company.

*Garan, Lucow & Miller,* for defendant Buckeye Union Casualty Company.

LESINSKI, C. J. Defendant-appellant, Safeguard Insurance Company, appeals a summary judgment in favor of the plaintiff. Plaintiff cross-appeals a summary judgment granted defendant, The Buckeye Union Casualty Company.

This cause arose when plaintiff, as administrator of the estate of Constantinos Bratsis, deceased, brought a declaratory judgment action to determine his right to recover from the defendant insurance carriers for the death of the deceased. The lower court heard the cause on motion of the parties for summary judgment since there was no dispute as to any material fact. The court held as a matter of law that the Buckeye policy had been cancelled before liability attached, and that plaintiff was entitled to recover under the Safeguard policy.

The essential facts are as follows: On July 17, 1962, Buckeye mailed a notice to its policy-holder, Winifred Seals, cancelling her automobile liability insurance, effective July 28, 1962. The insurer sent the notice by registered mail, return receipt requested, properly addressed, with the postage fully prepaid. The notice was delivered to Mrs. Seals' residence on July 24, and her husband receipted for it, but she was out of town and did not actually receive the notice until July 28. On July 31, Mrs. Seals negligently struck and killed plaintiff's decedent while operating the automobile insured by

Buckeye. Plaintiff obtained judgment against Mrs. Seals. Safeguard insured the automobile driven by the deceased and recovery is possible under the "protection against uninsured motorists coverage" provision of their policy, if the Buckeye cancellation was effective at the time of the accident.

Safeguard raises two issues on appeal concerning the notice of cancellation sent by Buckeye. First, it is claimed that the insured was entitled to 10 days' actual notice pursuant to statute. Second, it is claimed that notice sent by registered mail is ineffective, where it is not received by the insured in time to afford 10 days' actual notice.

The first issue concerns the meaning of the language employed by the legislature to manifest its intention. It is not necessary to our decision to consider the language in the Buckeye policy[1] since mandatory statutory provisions are read into insurance contracts containing language at variance with the statute. *Galkin* v. *Lincoln Mutual Casualty Co.* (1937), 279 Mich 327. Accordingly, we determine the legal efficacy of the notice of cancellation solely by the statute. CLS 1961, § 500.3020 (Stat Ann 1957 Rev § 24.13020), reads in part:

"No policy of casualty insurance, excepting workmen's compensation, but including all classes of motor vehicle coverage, shall be issued or delivered in this state by any insurer authorized to do business

---

[1] The automobile liability policy issued by the Buckeye Union Casualty Company to Winifred Seals is alleged to contain the following provision:

"This policy may be cancelled by the company by mailing to the insured named in Item 1 of the declarations at the address shown in this policy written notice stating when not less than ten days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The time of the surrender or the effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by such insured or by the company shall be equivalent to mailing."

in this state for which a premium or advance assessment is charged, unless there shall be contained within such policy a provision * * * whereby the policy may be cancelled at any time by the insurer *by mailing to the insured at his address last known to the insurer or its authorized agent, with postage fully prepaid, a 10 days' written notice of cancellation.* * * * *The mailing of notice as aforesaid shall be prima facie proof of notice. Delivery of such written notice shall be equivalent to mailing.*"[2] (Emphasis supplied.)

Safeguard contends that notice to the insured begins to run 10 days after receipt, not 10 days from the date of mailing. Under this contention, we would have to interpret the words "by mailing to the insured" to mean "by receipt by the insured."

The statute before us must be read in the light of a settled principle of statutory construction which the legislature has enacted into law. CLS 1961, § 8.3a (Stat Ann 1961 Rev § 2.212[1]), provides:

"All words and phrases shall be construed and understood according to the common and approved usage of the language; but technical words and phrases, and such as have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning."

Consistent with this principle, we find that the word "mailing" in its ordinary and legal signification does not mean "receipt" of the mailed matter, but means that it "was properly prepared for transmission in the due course of mail, and that it was placed in the custody of the officer charged with the duty of forwarding the mail." *Texas Cas. Ins. Co.* v. *Mc-*

---

[2] This section has been amended by PA 1967, No 202 (Stat Ann 1968 Cum Supp § 24.13020). The 1967 amendment does not affect the determination of this case.

*Donald* (Tex Civ App, 1954), 269 SW2d 456, 457; *Satterfield* v. *Celebreeze* (WD SC, 1965), 244 F Supp 190; 26 Words and Phrases, pp 55, 56. We are convinced that the statutory scheme for mailing a notice of cancellation to the insured at his last known address eliminates the requirement for giving actual notice that existed under prior law,[3] and the statutory 10 days' notice must be computed from the date of mailing. The time from which notice must be computed begins when the act of notification called for by the statute is completed by the insurer.

We are further persuaded that the time of mailing is the crucial point for computing notice for the reason that the statute presumes that notice is received by the insured from the fact of mailing.[4] The term "prima facie proof" denotes a rebuttable presumption in the law. 33 Words and Phrases, p 557. If the insurer establishes that he mailed a notice of cancellation in compliance with the statute, prima facie proof is made that the notice was received by the insured, and the insurer is entitled to rely on this presumption of receipt until it is rebutted by competent evidence. *Bolander* v. *Thompson* (1943), 57 Cal App 2d 444 (134 P2d 924, 927). Buckeye did not rely on the presumption of receipt, having sent the notice by registered mail.

The case of *Donarski* v. *Lardy* (1958), 251 Minn 358 (88 NW2d 7), cited by defendant-appellant, is not controlling. The case involved the interpretation of ambiguous language in a policy of insurance. The Minnesota court decided the case under the settled rule that ambiguous language in a contract of insurance be construed most strongly against the

---

[3] See *Galkin* v. *Lincoln Mutual Casualty Co.* (1937), 279 Mich 327.
[4] The presumption of receipt was recognized in *DeHaan* v. *Marvin* (1951), 331 Mich 231, a case arising under the prior statute.

insurer. We, on the other hand, are dealing with the meaning of terms in a statute.

As to the second issue, we are not impressed by the contention that Buckeye failed to comply with the statute because it sent the notice of cancellation by registered mail, particularly when it is undisputed that the notice was delivered to the residence of the insured prior to the accident, and there is only the bald conclusion of the defendant-appellant that the use of registered mail, in and of itself, prejudiced the insured.

The cases cited by the defendant-appellant are not persuasive authority. All the cases relied on involve a situation where the insurer gave special instructions to the post office, or did some act, that actually prevented delivery of the notice of cancellation prior to the loss. See *Irish v. Monitor Insurance Company of Oakland County* (1933), 264 Mich 586; *Werner v. Commonwealth Casualty Co.* (1932), 109 NJL 119 (160 A 547); *Kamille v. Home Fire & Marine Ins. Co. of California* (1925), 129 Misc 536 (221 NYS 38); *Columbia Casualty Company v. Wright* (CA 4, 1956), 235 F2d 462, 63 ALR2d 564. *Fields v. Western Millers Mut. Fire Ins. Co.* (1944), 182 Misc 895 (50 NYS2d 70, *appeal dismissed* 268 App Div 1073), also cited by the defendant-appellant, is more persuasive of the plaintiff's case. The court in *Fields* held that a notice of cancellation "mailed" to the insured in the insurance policy effected cancellation of the policy in the absence of a showing that the use of registered mail prevented the insured from receiving the notice. And in the *Monitor Insurance Company Case, supra,* Justice BUTZEL said in his concurring opinion, p 590:

"The notice was not delivered to plaintiff, but returned to defendant by the post office prior to the fire. The record indicates that, *if the notice had*

*not been returned as requested, plaintiff might have received it, and then at least have had the opportunity to take out new insurance."* (Emphasis supplied.)

In the case at bar, the notice of cancellation was actually delivered to the residence of the insured and defendant-appellant has failed to plead facts showing that the use of registered mail deprived the insured of the opportunity to obtain new insurance.

It is not necessary to consider plaintiff's cross-appeal in view of our decision.

Affirmed.

McGREGOR, J., concurred with LESINSKI, C. J.

LEVIN, J. (*dissenting*). In so many words the statute says that mailing notice of cancellation of an insurance policy is merely "prima facie proof of notice." CLS 1961, § 500.3020, Stat Ann 1957 Rev § 24.13020. This means, as our Court recently held, that unless the notice is actually received it is not an effective notice of cancellation. *Gooden* v. *Camden Fire Insurance Association* (1968), 11 Mich App 695.*

In this case the notice of cancellation was mailed July 17, 1962, and by its terms became effective 12:01 a.m. July 28, 1962. Mrs. Seals did not receive actual notice until some time during July 28, 1962,

---

* A comparison of the legislation (CL 1929 § 12461) passed upon in *Galkin* v. *Lincoln Mutual Casualty Company* (1937), 279 Mich 327, in which the Michigan Supreme Court held that cancellation could not be effected by the insurer until notice thereof was received by the insured, with the amendment adopted by PA 1951, No 260, p 426, and the amendment adopted by PA 1953, No 214, p 315, leaves me with the impression that by the 1951 amendment it may have been sought to achieve substantially the result for which a majority of the panel today write, but that the superseding 1953 amendment was passed to foreclose that interpretation.

*i.e.,* after the notice of cancellation purportedly had already become effective.

Nothing short of actual receipt by the policyholder of the notice of cancellation can make it effective. *Gooden* v. *Camden Fire Insurance Association, supra.* The statute does not make delivery to the policyholder's spouse or at his last address known to the company binding upon the policyholder himself.

And since actual receipt is required, it seems more reasonable to interpret the 10-day notice requirement to mean that 10 days' actual notice is required. See *Serves* v. *Eureka Casualty Company* (1957) 103 Ohio App 268 (144 NE2d 120); *Hartford Fire Insurance Company* v. *Tewes* (1907), 132 Ill App 321. The purpose of the 10-day notice requirement is to allow the insured a reasonable period of time within which to replace the cancelled insurance, a purpose which is not achieved by an interpretation of the statute which permits cancellation of the policy to become effective without regard to whether there has been actual notice, let alone 10 days' actual notice. A so-called "notice" that is not received is in reality no notice at all.

Since the statute requires 10 days' notice and makes mailing of written notice only prima facie proof of notice, the only sensible interpretation of the statute is that the time the policyholder is given to replace cancelled insurance does not begin to run until he receives actual notice. Surely that time cannot, as the majority in this case hold, terminate before the policyholder receives the notice.