SHORTESS, Judge.
First Federal Savings and Loan Association of Thibodaux (First Federal) was the holder of a note made by Michael J. and Kathleen Gaudet Lacombe (Lacombes) and secured by a mortgage on their lot and house in Raceland, Louisiana. Alleging that the Lacombes had refused to pay the balance due, First Federal obtained an order of executory process on May 20, 1985. Based on the Lacombes’ contentions that executory process was not proper, on July *838 29, 1985, the court below issued a temporary restraining order prohibiting any act in furtherance of the order of executory process. Seeking to cure any possible defects in its original petition, First Federal filed a motion to amend. On September 26, 1985, the court rejected the Lacombes’ request for a preliminary injunction, rescinded the temporary restraining order, allowed the amendment, and issued another order of executory process. The Lacombes then perfected this appeal.
. The Lacombes raise nine issues in their brief, but we need address only the question of the adequacy of notice. The mortgage agreement required that, prior to acceleration and seizure through executory process, First Federal mail notice of breach to the Lacombes. The agreement describes the form of this notice:
Notice. Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Mortgage shall be given by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail, return receipt requested, to Lender’s address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Mortgage shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.
First Federal argues that it complied with this requirement by sending a certified letter containing the necessary information. The envelope which contained that letter is in evidence; it indicates that the letter was returned to sender as unclaimed and that ten cents postage was due. First Federal subsequently mailed the Lacombes a copy of the first letter by what it termed “regular” (not certified) mail.
The specific question is whether these actions of First Federal meet the notice demands of the agreement. If the notice requirement was not satisfied, First Federal may not avail itself of executory process. See Fabacher v. Hammond Dairy Co., Inc., 389 So.2d 87, 92 (La.App. 4th Cir.1980); Fidelity Mortgage Investors v. Louisiana Purchase Corp., 297 So.2d 772 (La.App. 4th Cir.1974).
The act of mortgage provides that the notice must be mailed, but it does not define “mailing.” First Federal dispatched the letter with inadequate postage. Whether this accounts for the letter’s going unclaimed is uncertain, but the envelope is mute (and uncontradicted) testimony that the postage was inadequate and the letter unclaimed. Dispatching a letter with insufficient postage does not meet the requirements of the mortgage. A “mailing” of notice essential for executory process requires at a minimum that the postage be adequate.[1] The courts have consistently viewed executory process as a harsh remedy which demands strict compliance with the law governing it. Cameron Brown South, Inc. v. East Glen Oaks, Inc., 341 So.2d 450 (La.App. 1st Cir.1976). The mortgage sets out the “law” of notice between these parties, and, viewing it strictly, we find that First Federal did not comply with that law.[2]
*839 First Federal could easily have cured its mistake when the letter was returned and it learned that the postage was inadequate. But it did not send the second letter by certified mail as the act of mortgage prescribed. Thus the only notice sent by certified mail was the first. Because that letter did not have adequate postage, it was not a “mailing” and thus did not conform to the act of mortgage.
For the foregoing reasons, the judgment of the trial court denying the preliminary injunction is reversed. Judgment is rendered granting the Lacombes a preliminary injunction restraining First Federal from proceeding by executory process. See American Bank and Trust Co. in Monroe v. Carson Homes, Inc., 316 So.2d 732, 735 (La.1975). This decision should not be read as to prejudice First Federal in any way regarding any new legal proceedings taken by it pursuant to any rights it may possess under the note and mortgage in question. Costs are taxed to First Federal.
REVERSED AND RENDERED.

. Louisiana courts have not construed the term "mailing" in this context, but jurisprudence from other states indicates that proper postage is a necessary ingredient in "mailing." See Barrett v. Eastern Iowa Community College District, 221 N.W.2d 781 (Iowa 1974); Raptis v. Safeguard Insurance Co., 13 Mich.App. 193, 163 N.W.2d 835 (1968); Miller v. John Hancock Mut. Life Ins. Co., 155 S.W.2d 324 (Mo.App.1941).

. Because we find that the failure to put adequate postage on the required notice deprives First Federal of its right to executory process, we need not consider the Lacombes’ argument that the notice was improperly addressed. We note, however, that according to the mortgage the appropriate address is the "Property Address” or another supplied by the Lacombes by certified mail. There is no evidence that the Lacombes informed First Federal by certified mail that their address was other than the “Property Address." The notice of breach was sent to a post office box which was described in the mortgage as the Lacombes’ “present mailing *839 address" as of the time the mortgage was con-fected.