OPINION OF THE COURT
Edward M. Horey, J.
The defendant, State Farm Fire and Casualty Company, by a motion for summary judgment seeks dismissal of plaintiff’s complaint. The basis of the defendant’s contention is that the notice which it gave the plaintiff of cancellation of policy made by registered mail should be given effect despite the uncontroverted fact that the plaintiff never received such notice.
The policy in issue provided for notice of cancellation by five days’ written notice. In an apparent attempt to insure delivery of notice, the defendant, insurer, opted to forward the *195 notice of cancellation by registered mail, return receipt requested. It repeated this same type of notice on two additional occasions. As noted, the plaintiff never received any of the notices.
This court finds that the applicable law in the Fourth Department, Appellate Division, whose decisions are binding on this court, is that so long as an insurance company complies with the policy provisions of notice, such notice is effective whether or not the notice was received by the insured. (See, Olesky v Travelers Ins. Co., 72 AD2d 924 [4th Dept 1979].) However, such decision does not answer the question posed. This is for the reason that the defendant, insurer, did not comply with the policy provision for mere written notice. Defendant opted for a more sophisticated notice by utilizing a registered mail, return receipt type of notice.
Neither this court nor the attorneys for the parties have discovered appellate decisional law in this State decisive of the issue. The question has been reviewed in other States. (See, Annotation, 64 ALR2d 982, 990 et seq.; 43 Am Jur 2d, Insurance, § 393, and cases there cited.)
Two decisions of New York trial courts at first blush appear to take opposite views. In Fields v Western Millers Mut. Fire Ins. Co. (182 Misc 895 [Sup Ct, Broome County 1944]) the court held that the use of registered mail was sufficient to comply with policy requirements of cancellation absent proof that the employment of registered mail notification was the reason why the insured did not receive the notice.
In Kamille v Home Fire & Mar. Ins. Co. (129 Misc 536 [Sup Ct, NY County 1925]), a case factually similar to the one at bar, the insurer gave notice of cancellation by registered mail under a policy which provided only a requirement of written notice which could be satisfied by employing ordinary mail. In this case the court held that the employment of registered mail was not sufficient because "not mailed in the manner required by the cancellation clause of the policy” (supra, at 539). In so holding, the court noted that the effect of using registered mail was that "if the addressee was not present at the time the postman called, the envelope containing the notice of cancellation could not be left at the plaintiff’s address. * * * If the letter had been left at plaintiff’s address, the same might have been called for by the plaintiff at some time, or the letter might have been forward to him, wherever he might reside” (supra, at 538-539).
*196 In rendering its decision in Fields v Western Millers Mut. Fire Ins. Co. (supra), holding as noted that the use of registered mail was sufficient compliance with policy provisions of "written notice of cancellation”, learned Justice Deyo distinguished the earlier and ostensibly contrary decision of Kamille v Home Fire & Mar. Ins. Co. (supra, at 897) by stating that in the Kamille case "it was affirmatively shown that the act of the sender prevented delivery of the notice.”
While a reading by the court of the decision in Kamille (supra) does not disclose the basis of the conclusion of the affirmative showing of a prevention of delivery noted by Justice Deyo, other than the employment of registered mail notice, this court nonetheless agrees that a proper basis for distinction should be the one which the learned Justice noted, viz., whether or not the act of the sender prevented deliveries of the notice. Such a rule would be consistent with that announced by the Third Department, Appellate Division, in Kramnicz v First Natl. Bank (32 AD2d 1009, 1011 [1969]) wherein the court stated: "A policy cannot be canceled where an insurance company, by its own actions, makes it impossible for the insured to learn that his policy has been canceled. If the insurer (or its agent) sends notice but is in some way responsible for preventing its effective receipt, such notice will not be operative to cancel”.
The conclusion thus reached and the holding of this court is that whether or not the employment of registered mail will satisfy a policy requirement of "written notice” presents a question of fact to be resolved by a development of all the surrounding facts and circumstances attending the employment of such type of notice.
The determined rule would appear to be particularly applicable in the case at bar wherein it appears factually that the insured never changed his address, lived with his wife who was at home and received the household mail on a regular basis, was well known to the insurer’s agent who knew of the insured’s whereabouts, was in a position to give written notice personally or by regular mail in satisfaction of the policy requirements yet persisted in utilizing registered mail which was returned on three separate occasions thus giving notice of the nonreceipt of a notice by the insured.
The absence of any cross motion by the plaintiff insured, together with the court’s determination of the existence of a factual issue for resolution requires only that the defendant’s *197 motion for summary judgment be and the same is denied. (Barrett v Jacobs, 255 NY 520; Casucci v Kenmore Mercy Hosp., 144 AD2d 910 [4th Dept 1988]; Siegel, NY Prac § 278, and cases cited.)